In the Matter of Proving the Last Will and Testament of ELIE CHARLIER, Deceased.

ELIE STACEY CHARLIER and Others, Appellants; FREDERICK A. BROWN, Executor, etc., of ELIE CHARLIER, Deceased, and Others, Respondents.

*Trust — when dependent upon the life beneficiary surviving the testator — when annuities depend upon the existence of the trust — a postponement of the payment of the corpus of vested shares of remaindermen.*

A testator by his will, after giving all his residuary estate to his executors in trust and directing them to pay annuities to two persons, one to continue during the life of the annuitant, and the other to cease at the death of the testator's wife, gave to his wife the income of all his property after deducting the above annuities during her life, and at her death gave all the property to his grandchildren in equal shares, the income to be paid upon their reaching the age of twenty-one, and the principal upon their respectively reaching the age of twenty-five years. He further directed that, in the event of his wife's not surviving him, all his property should pass to his grandchildren in equal shares, upon their reaching the age of twenty-five years.

*Held,* that the will created, in case the testator's wife survived him, a valid trust dependent, as to its duration, upon the continuance of her life;

That the estate was chargeable with the payment of the annuities only during the continuance of the trust, and that if the testator's wife did not survive him no trust would be created, and there would be no income from which the annuities could be paid;

That the provision postponing the payment of the share of each grandchild until such child should reach the age of twenty-five years, was valid.

APPEAL by Elie Stacey Charlier and others, from so much of a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 29th day of April, 1897, as adjudges that the objections raised by the answers filed in the proceeding be dismissed as unproven and not sustained, and as adjudges and determines the legal construction of the 3d and 5th paragraphs of said will.

*Charles H. Blair,* for the children of the deceased, appellant.

*Charles Stewart Davison,* for infants, respondents.

*James G. King,* for executor, respondent.

*Ralph Oakley,* for Augusta Miller Charlier, respondent.

FIRST DEPARTMENT, NOVEMBER TERM, 1897.          [Vol. 22.

INGRAHAM, J.:

The only question raised by this appeal is as to the construction to be given to the will of Elie Charlier, deceased. By the 3d clause of the will the testator gives to his executors all of the residue of his estate in trust, to hold, invest and keep the same invested and to dispose of the income as follows : *First.* The testator gave to Euphemia Marie Douglass Carmichael an annuity of $600 during her life; *second,* he gave to his daughter-in-law an annuity of $600 which would cease on the death of his wife ; and, *third,* he gave to his wife the income of all his property, after deducting the above annuities during her life. By the 5th clause of the will it is provided : " At the death of my wife I give all my property in equal shares to my grandchildren," the children of his sons and daughters, naming them, " each grandchild living at the time of my wife's death to have an equal share," with a provision for paying to each grandchild on reaching the age of twenty-one the income of his or her share directly, and for retaining the principal until he or she should be twenty-five years of age. By the 6th clause it is provided that : " In case my said wife shall not survive me, then I do give, devise and bequeath all my estate, both real and personal, to my above-named grandchildren, each grandchild living at the time of my death to have an equal share," with a provision for retaining the income until each child shall reach the age of twenty-five years, and providing that, in case of the death of any grandchild leaving issue, such issue should inherit the share which such grandchild would have received, if alive, at the time of his death.

The appellants claim that this disposition of the residuary estate was illegal, as in contravention of the statute, that requires that the absolute ownership of personal property shall not be suspended by any limitation or condition whatever for a longer period than during the continuance, and until the termination, of not more than two lives in being at the time of the death of the testator.

Reading this whole will together, we think that the intention of the testator was clear. He wished to make provision for his wife during her life, and upon her death he wished the property to vest in his grandchildren. The annuities given by the 1st and 2d clauses of the will are to be paid by the trustees from the income of the

property held by them in trust. The annuities could only be paid during the continuance of the trust, as after the trust had terminated there would be no income from which to pay. By the 5th clause of the will the testator expressly provided that, at the death of his wife, all of his property is to vest in the children, their enjoyment of their shares, however, to be postponed until they respectively arrived at the age of twenty-five years.

It would be manifestly impossible for the annuity to Mrs. Carmichael to be paid out of the income of the property held in trust after the property had vested in his children, and thus the trust terminated, and this intention of the testator is emphasized by the 6th clause of his will, which provides that in case his wife should not survive him, then all of his estate, both real and personal, is given at once to his grandchildren as of the time of his death. Thus, if the wife had not survived him no trust would have been created, and there would have been no income from which these annuities could have been paid.

It seems to me clear that upon the death of his wife, if she survived him, or upon his own death, in case his wife should not survive him, all of his property should vest in his grandchildren, and the annuities given by the 1st and 2d clauses of the will were limited to the continuance of the trust which was only to come into existence in case the wife survived him, and which in that event was to terminate upon the death of his wife. In determining the construction to be given to this will, we must bear in mind the rule that a construction which would support a will is to be preferred to one which would render it invalid; and while the 1st clause of the will, if not controlled by a clearly expressed intention of the testator, would continue the annuity to Mrs. Carmichael during her life, irrespective of any other contingency, the express provision that the property is to vest in his children upon the death of his wife in case she survived him, or in case of her death before the testator, immediately upon his death, being inconsistent with a continuance of the annuity beyond the life of his wife, the 1st clause of the will must give way to this clearly expressed intention, and the annuities given by the 1st and 2d clauses must be held to terminate upon the death of the testator's wife. The provision con-

tained in the 2d clause of the will terminating the annuity therein given upon the death of his wife would seem to indicate that the testator intended that the annuity to Mrs. Carmichael should continue beyond that time; but as the continuance of such annuity is made impossible by the provision vesting the property in his children upon the death of his wife, we think the annuity given by the 1st clause, as well as that given by the 2d, terminates upon the death of the wife. That the testator created a trust of property, from the income of which these annuities provided for by the 1st and 2d clauses of the 3d paragraph of the will were to be paid, is clear, and that such a trust is valid, provided the absolute ownership of the trust estate is not suspended for a longer period than during the continuance of two lives in being at the time of the death of the testator, has been expressly held by the Court of Appeals in the case of *Cochrane* v. *Schell* (140 N. Y. 516). In the case of *Buchanan* v. *Little* (6 App. Div. 527), where a will containing provisions somewhat similar to the will in question was presented for construction, we held that the annuities, although in terms to continue during the lives of the annuitants, in fact terminated upon the death of the testator's two daughters, as by the will it was expressly provided that, upon the death of the daughters, all the testator's property was given to the daughters' children, as at that time, by the express provisions of the will, the trust terminated.

Upon appeal to the Court of Appeals, however, it was held that the termination of the trust, while the annuitants, or either of them, survived, did not result in cutting off the annuities; that it was clearly the intention of that testator, appearing upon the face of the will, that the annuities, during the lives of his wife and sister respectively, should be a charge upon his residuary estate, whether held by the executors in trust or freed from that limitation by the falling in of the selected lives, the court, however, holding that the trust terminated upon the death of the survivor of the testator's two daughters, as, upon the happening of that event, all the property was given to the children of such daughters.

We think, also, that the payment of the share of each grandchild is to be postponed until such child arrives at the age of twenty-five years. That such a provision is valid was expressly held by the

Court of Appeals in the case of *Vanderpoel* v. *Loew* (112 N. Y. 167). There, as here, the whole income from each share from the death of the widow to the time of payment is bequeathed to the grand-child, to whom the share of the *corpus* of the estate is given upon arrival at that age.

The question as to the continuance of the annuity to Mrs. Carmichael is not material in this case now, as it is conceded in the brief submitted by counsel that, since the decree of the surrogate, Mrs. Carmichael has died.

We think, therefore, that the decree was right, and it should be affirmed, with costs of this appeal to the respondents to be paid out of the estate.

Van Brunt, P. J., Williams, Patterson and O'Brien, JJ., concurred.

Decree affirmed, with costs to respondents to be paid out of estate.