ROBERT EMMET DUNHAM, Respondent, *v.* JOHN A. DERAISMES and Others, Appellants.

*Will — judgment charging an annuity upon the testator's personal estate — the executors are necessary parties to the action — continuance of the payment of an annuity.*

Where in an action brought to charge the payment of an annuity upon real estate of which a testator died seized, it is conceded that the testator left a considerable amount of personal property which passed to his executors, and which was liable in the first instance for the payment of the annuity, unless it was expressly charged upon the real estate to the exoneration of the personal property, and the executors are not made parties, a judgment against the defendants, the devisees of the residuary real estate, so far as it compels the payment of the annuity out of the personal estate, is erroneous and entirely unauthorized.

Where the residue of the real estate "not hereinbefore devised" is put in charge of the executors until the youngest son of the testator shall reach the age of twenty-one years, and they until that time are directed to pay, among other things, out of the rents and profits, the annuity in question, no interest in the real estate itself is, it seems, given to the annuitant, and in any event the

annuity is only to be paid out of these rents and profits so long as they are received by the executors, namely, until the youngest son shall reach the age of twenty-one years.

APPEAL by the defendants, John A. Deraismes and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of March, 1898, upon the decision of the court rendered after a trial at the New York Special Term.

*John E. Parsons*, for the appellants.

*Thorndike Saunders*, for the respondent.

RUMSEY, J. :

The defendants are the heirs at law of John Francis Joseph Deraismes who died in the year 1866 leaving a large estate composed of real and personal property. Before his death Mr. Deraismes had made a will by which, among other legacies, he bequeathed to the plaintiff an annuity of $300 for his natural life, to be paid by his executors in quarter-yearly payments. The legacies were considerable in amount, and the will disposed of a large amount of real estate. Among other bequests, Mr. Deraismes gave to his wife an annuity of $4,800. He also gave to her a large amount of personal property and some valuable real estate during the term of her natural life. The will then contained a clause by which the residue of the testator's real estate was given to his children and grandchildren to be divided among them when his son Francis John Joseph should attain the age of twenty-one years or at his decease, if that should happen before his arrival at that age. The will then contained a direction that his executors were to take possession of the real estate thus devised, to receive the rents, issues and profits thereof, to pay taxes and assessments upon it, and to pay also out of the income the annuity given to his wife and the annuity to his son-in-law, the plaintiff, and all other necessary expenses for repairs, etc. The will then contained a provision for the disposition of the remainder of the income, if there should be any, which it is not necessary to consider here. The annuity bequeathed to the plaintiff was paid to him regularly until the 17th of September, 1882, at which time the

son, Francis John Joseph Deraismes, became of age. From that time the payment of the annuity was discontinued. This action is brought to charge the payment of this annuity upon the real estate of which the testator died seized, and to recover the annuity which has not been paid, and to obtain a judgment that the plaintiff has a lien upon the real estate of which the testator died seized, to secure the payment of the arrears and of the future installments of the annuity. The learned court at Special Term, before whom the case was tried, concluded that the annuity was a lien upon the real estate, and directed a judgment to be entered that the plaintiff's annuity from the 17th of September, 1882, was a charge upon the real and personal estate left by the testator and existing on the 17th of September, 1882, and directed a reference to ascertain out of what fund, and from what defendants, the sum should be paid in order to carry this judgment into effect. From the judgment thus entered, this appeal is taken.

The only defendants here are the heirs at law and devisees under the will of John Francis Joseph Deraismes. His executors, as such, are not made parties to the action. It is conceded that a considerable amount of personal property was left by the testator, which must have been received by the executors and which, undoubtedly, was liable in the first instance to the payment of this annuity, unless the annuity was expressly charged upon the real estate to the exoneration of the personal property. No judgment for the personal property could be made unless the executors were parties to the action. But they are not parties. The only persons who are made defendants are the devisees of the residuary real estate. So far, therefore, as the judgment undertakes to compel the payment of this annuity out of the personal estate it was clearly erroneous. Not only was it erroneous, but, as the executors were not made parties to the action, it was entirely unauthorized. The rule is well settled that the personal estate of a testator is the primary fund for the payment of legacies, and it is the only fund unless an express direction is made in the will charging the payment of the legacy upon the real estate or a clear intent to that effect is to be gathered from the will in connection with surrounding circumstances. (*Bevan* v. *Cooper*, 72 N. Y. 317.) Such an intent has been sometimes inferred from the fact that the relations of the annuitant to the

testator were such that it was to be assumed that the testator intended the legacy to be paid at all events, and the situation of the property at the time of making the will was such that it was clear that there was no other fund than the real estate out of which the payment could be made. No such condition of affairs existed here. While it is to be presumed that the testator intended this annuity to be paid to the plaintiff, it is conceded that he died the owner of personal estate. The will gives legacies to a very considerable amount, and it is fair to infer that the testator had reason to suppose that his personal estate was sufficient to pay the legacies which he had given. There is absolutely nothing in the surrounding circumstances from which it could be inferred that there was any intent that this annuity or any other of the annuities should be a charge upon the lands. Such an intent can only be inferred as to annuities to the wife and to the plaintiff from the provisions of the 6th clause of the will, by which the residue of the real estate "not hereinbefore devised" was put into the charge of the executors until the youngest son should reach the age of twenty-one years; and until that time they were directed to pay, among other things, out of the rents and profits the annuity given to Dunham. Without deciding that the necessary result of this direction was that the annuity should be paid out of the annual profits of the real estate thus devised, and that it did not give any interest in the estate itself to the annuitant (*Delaney* v. *Van Aulen*, 84 N. Y. 16), it is clear that the annuity was only to be paid out of these rents and profits so long as they were to be received by the executors, and that was only until the son should reach the age of twenty-one years. After that time that annuity certainly ceased to be a charge upon those rents and profits (*Matter of Charlier*, 22 App. Div. 71), and from that time on there was no express charge of that annuity upon the real estate created by this clause of the will. That charge upon the real estate, if it was created by that clause of the will, ceased upon the distribution of that real estate, and there is nothing else in the will from which it can be inferred that any other real estate was to be charged. There was no ground, therefore, to direct the payment of any portion of this annuity out of the real estate of the testator, and the judgment was erroneous in that regard as well as in regard to the personal estate. Upon the

facts made to appear here, it is not perceived how it is possible for the plaintiff to succeed in this action ; and for that reason the judgment should be reversed, with costs, and judgment ordered dismissing the complaint, with costs to the defendant.

PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed, with costs, and judgment ordered dismissing complaint, with costs to defendant.