MARY E. BUCHANAN, Appellant, *v.* SARAH J. LITTLE et al., Respondents.

WILL — TRUST FOR TWO LIVES — CONTINUING ANNUITIES CHARGED UPON ESTATE. The will of a testator who left his wife, a sister, two daughters, and grandchildren surviving, gave the entire estate, real and personal, remaining after payment of debts, to his executors in trust to pay his wife $500 a year during life in lieu of dower; to pay his sister $400 a year during life, and to pay the remainder of the income to his two daughters, one-half to each, during life. The will provided that if either daughter died during the life of the other, without leaving issue, the survivor should take her deceased sister's share; that if either died during the life of the other leaving issue, the issue should take; and that at the death of the two daughters, the trust property should go to their children absolutely, one half to the children of each, *per stirpes.* *Held,* that there was created a valid trust dependent, as to its duration, upon the lives of

the two daughters; that the annuities to the wife and sister were a charge upon the residuary estate, whether held in trust or freed therefrom by the falling in of the selected lives; and that, at the termination of the trust, the present value of the annuities should be ascertained and the amount paid over to the annuitants, and the remainder of the estate distributed to the remaindermen, discharged of any lien.

*Buchanan* v. *Little,* 6 App. Div. 527, modified.

(Argued October 8, 1897; decided October 19, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 2, 1896, which affirmed a judgment in favor of defendants entered upon a decision of the court dismissing the complaint on trial at Special Term.

This action is brought in form to partition real estate situated in the city of New York, of which William H. Cooper died seized, and involves the construction and interpretation of his will.

The testator left a widow, two children and five grandchildren.

The following are the material portions of the will: " *Second.* I give, devise and bequeath all the remainder of my estate, both real and personal, to my executors hereinafter named, and the survivor of them, in trust, however, for the uses and purposes hereinafter set forth," etc.

" 1st. I direct my said executors to pay to my beloved wife, Jane Cooper, the sum of five hundred dollars per year, each and every year during her natural life, to be paid half-yearly or quarterly if practicable, which said sum is hereby given her in lieu of dower.

" 2nd. I direct my said executors to pay to my sister, Rebecca Cooper, the yearly sum of four hundred dollars, each and every year during her natural life, payable quarterly.

" 3rd. I direct my said executors to pay all the remainder of the income of my estate, after paying the above-mentioned legacies to my wife and sister as follows: One-half of the remainder of the income of my said estate to my daughter Sarah Jane Little (formerly Cooper) for and during her natural life, and the other half of the remainder of my said income to

my daughter Mary E. Cooper, for and during her natural life, said income to be paid half-yearly or quarterly, if practicable.

"4th. Should either of my said daughters die without lawful issue, during the life of the other, I give the share of the deceased sister in my estate to the survivor.

"5th. Should either die during the life of the other, leaving lawful issue, I direct the share of such deceased sister to be paid to her children, share and share alike.

"6th. At the death of my two daughters, Sarah Jane Little and Mary E. Cooper, I give, devise and bequeath all my property, both real and personal, to their children, one-half to the children of each daughter, share and share alike, *per stirpes* and not *per capita*. Should either of my said daughters die without leaving lawful issue, then I give all my estate to the children of the other, share and share alike. Should both of my said daughters die without leaving lawful issue my estate shall then go to my heirs at law."

*George S. Hamlin* for appellant. The will created a trust estate in the executors, which suspended the power of alienation during its existence. (1 R. S. 729, §§ 55, 60; *Tobias* v. *Ketchum*, 32 N. Y. 330; *Leggett* v. *Perkins*, 2 N. Y. 305; *Brewster* v. *Striker*, 2 N. Y. 36; *Vernon* v. *Vernon*, 53 N. Y. 359; *Morse* v. *Morse*, 85 N. Y. 59; *Cochrane* v. *Schell*, 140 N. Y. 516; *Boynton* v. *Hoyt*, 1 Den. 57; *Amory* v. *Lord*, 9 N. Y. 403; *Harris* v. *Clark*, 7 N. Y. 259.) It was entirely competent for the testator to make the disposition imputed to him by the Appellate Division of the Supreme Court. (*Crooke* v. *County of Kings*, 97 N. Y. 421; *Bailey* v. *Bailey*, 97 N. Y. 466; *Schermerhorn* v. *Cotting*, 131 N. Y. 48.) The purposes of the trust render its continuance imperative, not only for the lives of the two daughters of the testator, but for the lives of his wife and sister. (*Nicoll* v. *Walworth*, 4 Den. 385; *Bennett* v. *Garlock*, 79 N. Y. 317; *Crooke* v. *County of Kings*, 97 N. Y. 446; 1 Perry on Trusts, § 315; *Haynes* v. *Sherman*, 117 N. Y. 437.) The provision of the sixth subdivision of the will, which gives all of the tes-

tator's property, upon the death of his two daughters, to their children, is in no way inconsistent with, or repugnant to, the continuance of the trust. (*Embury* v. *Sheldon*, 68 N. Y. 235; *Stevenson* v. *Lesley*, 70 N. Y. 516; *Manice* v. *Manice*, 43 N. Y. 380; *Crooke* v. *County of Kings*, 97 N. Y. 447.) The foregoing construction is in accordance with established rules, of which that adopted by the Appellate Division is in violation. (*Crooke* v. *County of Kings*, 97 N. Y. 434; *Colton* v. *Fox*, 67 N. Y. 348.) The rule cannot be invoked in this case, that the construction will be adopted which sustains rather than that which destroys the trust. (*Hawley* v. *James*, 16 Wend. 144; *Colton* v. *Fox*, 67 N. Y. 351.) The power of sale in the executors does not relieve the trust from the objection that it unduly suspends the power of alienation. (*Brewer* v. *Brewer*, 11 Hun, 147; 72 N. Y. 603; *Hobson* v. *Hale*, 95 N. Y. 609; *Haynes* v. *Sherman*, 117 N. Y. 437.) The will cannot be sustained in part and avoided in part. (*Knox* v. *Jones*, 47 N. Y. 390; *Benedict* v. *Webb*, 98 N. Y. 466; *Savage* v. *Burnham*, 17 N. Y. 562; *Van Schuyver* v. *Mulford*, 59 N. Y. 432.)

*N. Cothren* for Sarah J. Little et al., respondents. In case of doubt that construction should be adopted which will sustain the will. (*Greene* v. *Greene*, 125 N. Y. 506.) If the principal disposition of a will can be upheld, ulterior, contingent limitations which threaten violation of statutory rules respecting the ownership of property, if separable from the principal dispositions, may and should be disregarded. (*Henderson* v. *Henderson*, 113 N. Y. 1; *Tiers* v. *Tiers*, 98 N. Y. 568; *Harrison* v. *Harrison*, 36 N. Y. 543; *De Kay* v. *Irving*, 5 Den. 646; *Everitt* v. *Everitt*, 29 N. Y. 39; *Downing* v. *Marshall*, 23 N. Y. 366; Chaplin on Susp. of Power of Alienation, 84; *Becker* v. *Becker*, 13 App. Div. 342.)

*B. Aymar Sands* and *C. P. Northrop* for Samuel F. Jayne et al., executors, respondents. The will created a good and valid trust under the provisions of the Statutes of Uses and Trusts authorizing the creation of an express trust. (1 R. S.

678, § 55, subd. 3.)    The disposition of the income during the period of a trust estate in no way determines the question of the validity of the trust.    (*Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Cochrane* v. *Schell*, 140 N. Y. 516.)

BARTLETT, J.    The single question considered and decided by the learned Appellate Division is, does this will create a trust measured by two lives in being at the time of the death of the testator, or is it dependent upon four lives, as insisted by the appellant?    The validity of the trust was upheld, and we should affirm the judgment on the opinion below, were it not for the fact that a very important feature of this case was not fully considered.

The scheme of this will is exceedingly simple.    The tes·tator, after directing the payment of his debts, gives his entire estate, real and personal, to his executors to carry out the following trust: To pay his wife $500 a year during life in lieu of dower; to pay his sister Rebecca Cooper $400 a year during life; to pay the remainder of the income, one-half to his daughter Sarah Jane Little, and the other half to his daughter Mary E. Cooper during their lives.

If either of the daughters died without leaving lawful issue during the life of the other, the survivor took the deceased sister's share.    If either died during the life of the other, leaving lawful issue, the issue took.    At the death of the two daughters named he gives the trust property absolutely to their children, one-half to the children of each, *per stirpes*, and not *per capita*.

There are other provisions as to the remainder not material to the question now before us.

The duration of the trust is clearly dependent upon the lives of the two daughters, and there is no other suggestion on the face of the will.    We, therefore, agree with the court below, that the testator created a valid trust.

The principal argument urged against this construction of the will by the appellant was, that the lives of the daughters might fall in, thus terminating the trust long before the death

of either the wife or the sister, who are entitled to annuities during their natural lives, and that it was quite impossible that the testator should have contemplated that there might be a very considerable time when his wife and sister would be cut off from any income under the will.

The opinion below intimates that the testator selected the lives of his children, who, in the ordinary course of events, would be presumed to live longer than the annuitants, and if this expectation was not realized, it was one of the risks that the testator assumed when he created such a trust.

We are of the opinion that the termination of the trust while the annuitants, or either of them, survived would not result in cutting off the annuities. It is clearly the intention of the testator, on the face of the will, that the annuities during the lives of his wife and sister, respectively, should be a charge upon his residuary estate, whether held by the executors in trust or freed from that limitation by the falling in of the selected lives.

This lien upon the estate, consisting of real and personal property, could not be effectually enforced by the annuitants if the estate were distributed to the remaindermen under the provisions of the will, especially if there should be a failure of grandchildren and the residue passed to the heirs at law and next of kin.

It would, therefore, be necessary to ascertain the present value of the annuities at the termination of the trust and pay the amount over to each annuitant respectively, and distribute the residue of the estate to the remaindermen, discharged of any lien. In this manner the entire will of the testator is carried out, and those who stood quite as near to him as the life tenants and remaindermen are protected from a result that never could have been contemplated when the will was framed.

The judgment appealed from must be modified so as to conform to these views, and as so modified affirmed, with costs to all the parties to be paid out of the estate.

All concur.

Judgment accordingly.