CAROLINE C. HOOKER, Appellant, *v.* ADAH LOUISE HOOKER et al., Respondents; GEORGE HOOKER et al., Appellants.

WILL — TRUST — SUSPENSION OF POWER OF ALIENATION. The provisions of the third clause of a will examined and held to be an attempt to create a trust with a trust term measured by three lives in being instead of two, as provided by the statute against perpetuities, and hence the trust was void; and that testator died intestate as to all the property attempted to be disposed of thereby.

*Hooker* v. *Hooker*, 41 App. Div. 235, reversed.

(Argued March 1, 1901; decided March 8, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 16, 1899, reversing a judgment of Special Term construing the will of Matthew Hooker, deceased.

The facts, so far as material, are stated in the opinion.

*John A. Taylor* for Caroline C. Hooker, appellant. The attempt of Matthew Hooker to dispose of his property by will must be adjudged futile for the reason that it attempts to suspend the absolute power of alienation for a term longer than that measured by two lives in being. (N. Y. R. S. p. 723, § 14; p. 773; *Hillyer* v. *Vandewater*, 24 N. E. Rep. 1005; *Wells* v. *Wells*, 88 N. Y. 332; *Matter of Vowers*, 113

N. Y. 571; *Schettler* v. *Smith*, 41 N. Y. 334; *Benedict* v. *Webb*, 98 N. Y. 460; *Shipman* v. *Rollins*, 98 N. Y. 311; *Smith* v. *Edwards*, 88 N. Y. 92; *Greenland* v. *Waddell*, 116 N. Y. 234.)

*J. Edward Swanstrom* and *G. Woodward Wickersham* for George Hooker et al., appellants. There is no undue suspension of the power of alienation. (*Wells* v. *Wells*, 88 N. Y. 323; *Locke* v. *F. L. & T. Co.*, 140 N. Y. 135; *Tiers* v. *Tiers*, 98 N. Y. 568; *Buchanan* v. *Little*, 154 N. Y. 147; *Savage* v. *Burnham*, 17 N. Y. 571; *Everitt* v. *Everitt*, 29 N. Y. 39; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Monarque* v. *Monarque*, 80 N. Y. 320; *Martin* v. *Martin*, 15 Wkly. Dig. 233; *Smith* v. *Edwards*, 88 N. Y. 92.)

*Edward S. Kaufman*, guardian ad litem for Adah L. Hooker and Hattie E. Hooker, infants, respondents. If the will creates a trust for the widow and the two daughters, the power of alienation is suspended beyond the statutory period. (1 R. S. 723, §§ 14, 15; 1 R. S. 773; Chaplin on Susp. Alien. 56, § 91; *Schettler* v. *Smith*, 41 N. Y. 334; *Haynes* v. *Sherman*, 117 N. Y. 433; Lewis on Perp. 170; *Hawley* v. *James*, 16 Wend. 62; *Coster* v. *Lorillard*, 14 Wend. 265; *Colton* v. *Fox*, 67 N. Y. 348; *Ward* v. *Ward*, 105 N. Y. 68; *Monarque* v. *Monarque*, 80 N. Y. 323; *Shipman* v. *Rollins*, 98 N. Y. 311; *Knox* v. *Jones*, 47 N. Y. 389.)

*T. Ellett Hodgskin* for the People's Trust Company, executor, respondent. The rule of construction which has been universally adopted requires that, in any case of doubt as to the meaning of a will, a construction is to be adopted which will validate the will if it be possible. (*Locke* v. *F. L. & T. Co.*, 140 N. Y. 135; *Matter of Verplanck*, 91 N. Y. 439; *Lamb* v. *Lamb*, 131 N. Y. 227; *Phillips* v. *Davies*, 92 N. Y. 199; *Matter of Miner*, 146 N. Y. 121; *Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Starr* v. *Starr*, 132 N. Y. 154.)

PARKER, Ch. J. Matthew Hooker by his last will and testament, after directing payment of his debts and funeral expenses and disposing of his household furniture, gave all his property to the People's Trust Company in trust for the following uses and purposes.

" To invest and reinvest the same in such securities as are allowed by the laws of the state of New York, and dispose of the income resulting therefrom as follows :

" 1. To pay over to my said wife, the sum of one hundred ($100) dollars per month, as long as she shall remain unmarried, upon condition that she shall provide a home for my two children as long as they are unmarried. At the end of each year I direct my executor to divide the unexpended balance of said income into three (3) equal parts; one part to be paid to my wife, and the other two parts to be invested in equal amounts for and on account of each of my children, until they shall arrive at the age of twenty-one years. Should either one of my said children die without issue, then the share of the one so dying to be paid to the survivor.

" 2. If my said wife should remarry, I order and direct my executor to pay to her immediately after said remarriage the sum of two thousand dollars ($2,000). If my said wife should survive my two daughters, and they leave no issue then I order and direct my said executor to pay to my said wife the sum of twenty-five thousand ($25,000) dollars. Each and all of the provisions made for the benefit of my said wife herein are to be accepted by her in lieu of all claims for dower against my estate.

" 3. If either one of my daughters should die leaving issue, such issue to receive the share of the parent at the age of twenty-one years.

" 4. Upon the death of my daughters, leaving no issue, and after the provisions of this my last will made for the benefit of my wife, shall have been carried out, I order and direct my executor to divide the balance of my estate into four (4) equal parts and dispose of the same as follows :

" To pay to my brother, George, residing at Burwashwheel,

Sussex, England, one of said parts, or in the event of his death, to his heirs."

The other three shares were disposed of in a similar way to other relatives of the testator.

An examination of the provisions of the will quoted, in the light of the arguments of counsel and the opinions of the courts below, has led us to the conclusion, which we shall state without argument, that the testator attempted to create a trust with a trust term measured by three lives in being instead of two as provided by the statute, and, hence, the trust is void and he died intestate as to all the property which he attempted to dispose of by the third paragraph of his will.

The judgment should be reversed and a new trial granted, with costs in all courts to all parties payable out of the estate.

O'Brien, Bartlett, Haight, Martin, Vann and Landon, JJ., concur.

Judgment reversed, etc.