(44 Misc. Rep. 6.)

PEOPLE'S TRUST CO. v. FLYNN et al.

(Supreme Court, Special Term, Kings County.    June, 1904.)

1. WILL—CONSTRUCTION—INTESTATE ESTATE.·

Testator gave his entire residuary estate to his executors in trust to pay out of the income an annuity to his widow, and divide the residue of the income among his children, or issue of a child dying, until the death of his two daughters. He further provided that if either of the daughters should die before him, without issue, the net income should be divided among those living or represented. He devised his entire estate on the death of the two daughters to the issue of his two daughters and that of his three sons, or to the issue of either of his sons if they should have died leaving issue, excluding his grandchild or his issue from any participation in the residuary estate. *Held*, that where a son died pending the trust, intestate, unmarried, and without issue, the testator died intestate as to his share, and the grandson, though excluded by the will, was entitled to his proportion thereof.

2. SAME—VESTED REMAINDER.

Where a will gave each of testator's three sons a vested remainder in one-fifth of the corpus of a trust fund, such remainder was subject to be divested, as to a son, by his death without issue before the end of the trust and the division of the estate, where the will provides for a distribution to the issue of his three sons, "or to the issue of either of said sons if they shall have previously died leaving issue"; such clause plainly referring to a death at any time previous to such division.

3. SAME—TESTAMENTARY TRUST.

Where, under a will, the whole estate was vested in trustees, with a provision for division among the issue of testator's sons, the corpus did not vest in remainder during the trust.

Action by the People's Trust Company, as trustee under the will of John Flynn, deceased, against Mary C. Flynn and others, for the settlement of accounts, and for a construction of the will. Judgment for plaintiff.

Suit for the settlement of the accounts of the plaintiff as trustee under the will of John Flynn, deceased, and for a construction of the will.

The testator died in 1897, leaving a widow, Annie D. Flynn; two daughters, viz., Mary C. and Regina; three sons, viz., William J., James and John, Jr.; and one grandchild, Charles Egan, son of a deceased child.

All of these are still living except the son James, who has died unmarried, without issue, and intestate.

After giving certain legacies, the will provides as follows:

"I hereby give, devise and bequeath all the rest, residue and remainder of my estate real and personal of which I may die seised, entitled to, or possessed of unto my said executors hereinafter named as trustees, to them and their successors to have and to hold the same for the following uses, intents and purposes, viz.:

"To enter into and take possession of same to keep the real estate in repair; to pay all insurance, taxes, assessments and water rents which may accrue against said property and also other necessary expenses, to collect and receive all the rents, issues, profits and income therefrom and out of the net annual income of my said residuary estate to pay over to my wife Annie the sum of one thousand eight hundred dollars ($1,800) per annum, payable half-yearly for and during the term of her natural life, which payment shall be in lieu of all dower right or interest which she might or may have in my estate; and also after the payment of the above annuity or dower interest to my wife, to divide the net residue of the income derived under said trust into five equal parts and pay over one share thereof to each of my five children, namely, Mary C., Regina, William J., John, Jr., and James, or the issue of each child

or any of them who shall die leaving issue, until the death of my two daughters Mary and Regina. If, however, any of said five children shall have predeceased me, without issue surviving them, then said net residuary income shall be equally subdivided among those living or represented.

"Upon the death of my two daughters Mary and Regina I give, devise and bequeath the entire estate of which I may die seised, entitled to or possessed of to the issue of said Mary, the said Regina, William J. Flynn, John Flynn, Jr., and James Flynn, or to the issue of either of said sons, if they shall have previously died leaving issue, such issue taking the share which would have belonged to its parent in equal share; hereby excluding my grandchild Charles Egan, or his issue from any participation in the division of my residuary estate."

The plaintiff has been appointed trustee instead of the trustees appointed by the will.

T. Ellett Hodgskin, for plaintiff.

David McClure, for defendant Charles Egan.

John Delahunty, for defendants Mary C., Regina, and William Flynn.

Robert P. Orr, for defendant John Flynn.

M. F. McGoldrick, for defendant Annie D. Flynn.

GAYNOR, J. The son James having died since the death of the testator, the question is what becomes of his share of the income and of the corpus. The will leaves the entire residuary estate to the executors in trust during the lives of the two daughters. The trust is to collect the income, and pay the net thereof as follows, viz.: To the wife $1,800 a year in lieu of dower, and the rest share and share alike to the said two daughters and three sons, or those of them who survive the testator, and the issue of any who do not so survive; and also the share of any of them who may die afterwards before the expiration of the trust, to his or her issue.

There is no provision as to what is to be done with the income of one who dies without issue after the death of the testator and during the trust.

A like question arises in respect of the corpus. The will is (following the trust provision) that "Upon the death of my two daughters Mary and Regina, I give, devise and bequeath the entire estate of which I may die seised, entitled to or possessed," to the issue, respectively, of the said two daughters; and to the said three sons, or the issue of any of them who shall have previously died leaving issue; "hereby excluding my grandchild Charles Egan, or his issue, from any participation in the division of my residuary estate."

Here there is no provision as to what is to become of the share of a daughter or son who dies without issue whether after or before the testator.

The claim of the plaintiff and of the grandson Charles Egan (who was left nothing) is that as to such a case the testator died intestate in respect both of the income and the corpus; that of the surviving sons and daughters is that by the will the share both of income and of corpus of the deceased son goes to them and their issue, the share of the corpus to remain in the trust and be divided as part and parcel of the residuary at the end of the trust.

The intention of the testator that there should be no case of intestacy in the distribution of the corpus was beyond doubt. He gives and bequeaths his "entire estate"; and also takes care to express his purpose to exclude his grandchild from the division at the end of the trust, which he would necessarily participate in in case of any intestacy.

But the trouble is that there are no words of bequest or devise, either express or by implication or construction, on which to now base and carry out such intention. That the testator thought he was avoiding any intestacy is not enough; his words must be given their just meaning and limit, and beyond that he has not spoken. The line of any child failing, there is no bequest or devise of his or her share collaterally. The testator based the final division on each son being then alive or represented by issue, so as to exclude the grandson from participating, and this has failed. And if remainders were vested in the sons by the will, the grandson would not be excluded from the division in the case of a son dying without issue, for he would be one of the heirs of such son. There is therefore no reason for resorting to a forced construction to vest remainders in the sons.

But if there be by the will a vested remainder of one-fifth of the corpus in each of the three sons, it was subject to be divested on his death without issue before the end of the trust and the division of the estate; for the words "or to the issue of either of said sons, if they shall have previously died leaving issue," plainly refer to a death at any time previous to such division. To refer the word "previously" to a death occurring in the lifetime of the testator, only, after the general rule, would seem to do violence to the plain meaning of the context, which rises above all artificial rules. Mead v. Maben, 131 N. Y. 255, 30 N. E. 98; Stokes v. Weston, 142 N. Y. 433, 37 N. E. 515; Benson v. Corbin, 145 N. Y. 351, 40 N. E. 11. I speak with reserve, for the decisions of our highest court on this head from Moore v. Lyons, 25 Wend. 119, to Matter of Tompkins' Estate, 154 N. Y. 634, 49 N. E. 135, Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20, and Dougherty v. Thompson, 167 N. Y. 483, 60 N. E. 760, vary. Such general rule has been applied to cases that seem as clear to the contrary as the present case, and rejected in cases not so clear, with the idea, it would seem, of doing justice in each case.

But the corpus does not seem to vest in remainder at all during the trust. On the contrary, the whole estate is vested in the trustees. Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184; Howland v. Clendenin, 134 N. Y. 305, 31 N. E. 977. The case of Matter of Tompkins' Estate, to the contrary seems an extreme one.

The will having limited the succession in respect of each of the five children to issue, there is intestacy in the case of the deceased son James for lack of issue, in respect of both the trust income and the corpus.

Judgment accordingly.