PEOPLE'S TRUST CO. v. FLYNN et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1905.)

1. WILLS—TRUST TO PAY ANNUITY—ASSIGNABILITY—REAL PROPERTY LAW.

Real Property Law (Laws 1896, p. 571, c. 547) § 76, subd. 3, providing that an express trust may be created to receive the rents and profits of real estate and apply them to the use of any person during the life of that person, or for any shorter time, subject to the provisions of law relating thereto, permits a trust to pay annuities, and calling it an "annuity" does not make the interest of the annuitant assignable.

2. WILLS—TRUSTS—VALIDITY.

Testator's will, before disposing of the residuary estate, gave his sister an annuity for life, and subsequently the will provided that all the residuary estate should be taken possession of and held by trustees, who should pay from the net income a specified sum to testator's widow each year during her natural life, and that the remainder should be paid to designated persons until the death of two certain daughters of testator, when the remainder should vest. *Held*, that the provision for the widow was not independent of the trust, but created an unassignable beneficial interest, and hence the trust provisions were void, as creating a trust limited as to duration by three lives.

Appeal from Special Term, Kings County.

Suit by the People's Trust Company, as substituted trustee under the last will of John Flynn, deceased, against Mary C. Flynn and others, for a construction of the will, and from the judgment (89 N. Y. Supp. 706) Annie D. Flynn appeals. Reversed.

See 93 N. Y. Supp. 1144.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

John H. Kemble, for appellant.

T. Ellett Hodgskin, for respondent plaintiff.

S. P. Cahill, for defendants Mary C. Flynn and others.

Robert P. Orr, guardian ad litem, for defendant John Flynn, Jr.

David McClure, guardian ad litem, for defendant Charles E. Egan, Jr.

MILLER, J. We are asked to construe that portion of the will of John Flynn, deceased, which reads as follows:

"I hereby give, devise and bequeath all the rest, residue and remainder of my estate, real and personal of which I may die seized, entitled to, or possessed of, unto my said executors hereinafter named as trustees, to them, and their successors, to have and to hold the same for the following uses, intents and purposes, viz.:

"To enter into and take possession of same, to keep the real estate in repair; to pay all insurance, taxes, assessments and water rates which may accrue against said property and also other necessary expenses; to collect and receive all the rents, issues, profits and income therefrom, and out of the net annual income of my said residuary estate to pay over to my wife Annie the sum of one thousand eight hundred dollars ($1,800) per annum, payable half-yearly for and during the term of her natural life, which payment shall be in lieu of all dower right or interest which she might or may have on my estate; and also after the payment of the above annuity or dower interest to my wife, to divide the net residue of the income derived under said trust into five equal parts and pay over one share thereof to each of my five children, namely, Mary C., Regina, William J., John, Jr., and James or the issue of

each child or any of them who shall die leaving issue until the death of my two daughters, Mary and Regina.

"If, however, any of said five children shall have predeceased me, without issue surviving them, then said net residuary income shall be equally subdivided among those living or represented. Upon the death of my two daughters, Mary and Regina, I give, devise and bequeath the entire estate of which I may die seized, entitled to or possessed of to the issue of said Mary; the said Regina, William J. Flynn, John Flynn, Jr., and James Flynn, or to the issue of either of said sons, if they shall have previously died leaving issues, such issues taking the share which would have belonged to its parent in equal share; hereby excluding my grandchild Charles Egan, or his issue from any participation in the division of my residuary estate."

All of the persons named survived the testator, and are now living, except the son James Flynn, who is now deceased. The widow elected to take dower. The action is brought by the plaintiff, as substituted trustee, asking for a construction of the entire will, and particularly the residuary clause, so far as it relates to the disposition of the income payable to said James Flynn, deceased, during the term of the trust, and of the remainder devised and bequeathed to him. The defendants Charles E. Egan, Jr., and John Flynn, Jr., are infants, and appear by guardian ad litem. The answer of the defendant Annie Flynn asserts that the residuary clause is void, as being an attempt to suspend the power of alienation for a period longer than two lives in being. The only question which was apparently urged before the learned trial court was whether the remainder devised and bequeathed to said James Flynn, now deceased, vested upon the death of the testator; the learned trial court holding that it did not vest, and that, James Flynn having died before the termination of the trust, there was intestacy of the share going to him, both in respect to the corpus and the income thereon. The question which we are presently to consider does not appear to have been urged before the learned trial court or considered, and although it was not presented to this court until the reargument requested by the court, as the rights of infants are involved, and as the validity of the testamentary disposition is necessarily involved in the determination of the question as to the disposition of the share attempted to be devised to the said James Flynn, deceased, we may first consider that question, because, if the attempted testamentary disposition is void, it will be unnecessary to construe it further.

The determination of the question depends upon whether the life of Annie, the wife, is one of the lives by which the duration of the trust term is measured. We may reject at the outset the possible construction which would limit the provision for the benefit of Annie by the subsequent provision devising the remainder "upon the death of my two daughters, Mary and Regina," so as to terminate her beneficial interest upon the death of said Mary and Regina, because it must be assumed that one of the paramount objects of the testator was to make provision for his wife, and the provision that she shall receive the $1,800 per annum during the term of her natural life is just as clear and explicit as the disposition of the remainder upon the death of Mary and Regina; and, although subsequent provisions of a will are frequently held to limit

earlier provisions, that construction will not be adopted where it will violate the intention of the testator, and defeat a provision for the benefit of one who must be regarded as the paramount object of the testator's bounty, and, indeed, no such construction is urged upon us. We may also reject the suggestion that the wife, Annie, having elected to take dower, the provision for her benefit may be eliminated in determining the validity of the will, because, had she not so elected, she would have taken under the will; and, if the provision for her benefit is to be treated as one of the purposes for which the trust was created, she then takes a beneficial interest, which can neither be alienated, assigned, nor released, as we shall presently see; and the validity of the testamentary disposition is to be determined, not by what has occurred after the death of the testator, but by what might upon any possible contingency have occurred.

We may start with the premise that a trust to pay annuities may lawfully be created under subdivision 3 of section 76 of the real property law (Laws 1896, p. 571, c. 547), and that calling it an "annuity" does not make the interest of the annuitant assignable. This proposition was determined by the Court of Appeals, after a learned and exhaustive discussion by Chief Judge Andrews, in the case of Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971; and the rule thus established was applied by this court and the Court of Appeals to a provision for the wife, in lieu of dower, in Hooker v. Hooker, 41 App. Div. 235, 58 N. Y. Supp. 536; Id., 166 N. Y. 156, 59 N. E. 769; and was expressly reaffirmed in the case of Herzog v. Title Guarantee & Trust Co., 177 N. Y. 86, 100, 69 N. E. 283, 67 L. R. A. 146; so that the question to be determined is not whether the testator intended to provide an annuity for his wife, but whether he has given her an annuity chargeable upon his estate, separate and independent of the trust, or whether the provision for her benefit was one of the purposes of the trust. Guided solely by the language of the testator, the solution of the question would seem to be free from difficulty. No one will deny that the testator has evinced by apt and clear language an intention that the trustees should have possession and title until all of the purposes of the trust shall have been effectuated. Is the provision for the wife one of the purposes of the trust? Eliminating all the provisions in respect to possession and control of the trustees and in respect to the other trust purposes, the testator has said:

"I hereby give, devise and bequeath all the rest, residue and remainder of my estate, real and personal of which I may die seized, entitled to, or possessed of, unto my said executors hereinafter named as trustees, to them, and their successors, to have and to hold the same for the following uses, intents and purposes, viz.: * * * to collect and receive all the rents, issues, profits and income therefrom, and out of the net annual income of my said residuary estate to pay over to my wife Annie the sum of one thousand eight hundred dollars ($1,800) per annum, payable half-yearly for and during the term of her natural life, which payment shall be in lieu of all dower right or interest which she might or may have on my estate."

· I imagine that no one would undertake to improve upon the language used, for the purpose of expressing an unmistakable in-

tention to create a trust for the purpose of paying the said Annie the sum of $1,800 per year. The only ambiguity, if it can be said to be an ambiguity, arises from the subsequent provision, "Upon the death of my two daughters, Mary and Regina, I give, devise and bequeath the entire estate of which I may die seized," etc., which is said to evince an intent to terminate the trust upon the death of Mary and Regina; and therefore it is urged that, because the testator could not have intended that upon any contingency his wife should be cut off without any provision for her support, he must have intended the provision for her benefit as an annuity chargeable upon his estate, independent of the trust. This is all very well, if we are to construct a will for the testator, but the difficulty is that there is not a line or a syllable in this will evincing an intention to make provision for the wife independent of the trust. There are no words of gift to her. There is not a syllable indicating an intention to give her any interest except a beneficial interest in the trust estate. An annuity chargeable upon a residuary estate independent of a trust is one thing; a beneficial interest in a trust estate is another. One is assignable; the other is not. One does not prevent the vesting of the fee in possession; the other does. The testator has said that he intended to give his wife an interest which the statute (section 83, Real Property Law; Laws 1896, p. 572, c. 547) makes inalienable; but, because this intention cannot lawfully be effectuated, we are asked to say that she takes an entirely different estate. Giving the words used their obvious meaning, we should say that the testator intended by means of the trust to provide the sum of $1,800 annually for his wife during her life, and that he also intended that upon the death of his wife and the two daughters, Mary and Regina, the remainder should vest in possession in the persons named, and that the possible contingency of his wife surviving the two daughters did not occur to him. Had he provided for the payment to the wife during her lifetime, for the division of the residue of the income after such payment among the persons named during the lifetime of one of the daughters, instead of two, and for the vesting of the remainders in possession upon the death of said daughter, we imagine no one would question the proposition that he had created a trust to endure during the lives of the wife and the daughter named; but, having provided for the duration of the trust for two lives in addition to the life of the wife, we are asked to construe a will according as we may imagine the testator would have done, had the contingency of his wife surviving the daughters occurred to him. In this connection the remarks of two eminent and learned jurists are quite pertinent:

"The duty of the court is not to make a new will or codicil to carry out some supposed but undisclosed purpose, but to ascertain what the testator actually intended by the language employed by him, when properly interpreted, and then to determine whether such intended provisions are valid or otherwise. The duty of the court is to interpret, not to construct; to construe the will and codicil, not to make new ones." Herzog v. Title Guarantee & Trust Co., supra. "But it is not sufficient that such a will should be a natural one

and legal, for we cannot make a will for a testator, however good our work may be." Hooker v. Hooker, 41 App. Div. 235, 242, 58 N. Y. Supp. 536, 541.

If the duration of the trust attempted to be created is measured by three lives, the trust provisions are so interdependent that the whole attempted disposition must fail; and, as we cannot escape the conviction that the testator undertook to create such a trust, we should adjudge accordingly, unless decisions controlling upon us require a different disposition. The counsel who seek to sustain the will rely upon the case of Buchanan v. Little, 154 N. Y. 147, 47 N. E. 970, but a critical examination of that case discloses that it is easily distinguishable from the case at bar; practically the only similarity being the provision devising the remainders upon the death of the two daughters named. While the provision for the benefit of the wife in the case relied upon is found among the enumerated trust purposes, its language is as follows:

"(1) I direct my said executors to pay to my beloved wife, Jane Cooper, the sum of five hundred dollars per year, each and every year during her natural life, to be paid half-yearly or quarterly if practicable, which said sum is hereby given her in lieu of dower."

It is to be observed that here are words of direct gift, and a direction simply to the executors to pay. Had this provision preceded the clause creating the trust, it would have been clear that the testator intended to give his wife an annuity independent of the trust; and, as the language employed was easily susceptible of such a construction, the Court of Appeals evidently regarded that, in view of the devise of the remainder upon the death of the two daughters in the subsequent paragraph, the paragraph quoted should be construed as though it had not been included among the enumerated trust purposes. In the case at bar, instead of words of direct gift to the wife, there is an explicit statement that the trust is created for the purpose of paying the annuity to the wife, without any words of gift whatever. It is to be noted further that in the case of Buchanan v. Little, supra, the direction to pay is not limited to income, and, although by the third paragraph the testator disposes of the residue of the income after the payment of the annuities to the wife and sister, the effect of the decision of the Court of Appeals was that the payment of the annuity was not limited to income, but was a charge upon the entire residuary estate, while in the case at bar the payment of the annuity is expressly limited to income; and, although an annuity is primarily payable out of the income, the corpus may be invaded, if the testator so intended. Delaney v. Van Aulen, 84 N. Y. 16. In the case at bar, before disposing of the residuary estate, the testator gave and bequeathed to his sister Ann Flynn an annuity of $100 for and during the term of her natural life. It is clear that he intended this to be independent of the trust, and it is quite significant, as evidencing the fact that the testator understood how to give and bequeath such an annuity. As we read the Buchanan Case, it went no further than to hold that, in view of the peculiar language of the will then being construed, the testator intended and undertook to give his wife an annuity chargeable upon his residuary estate, independent of the trust. In the case of

Hooker v. Hooker, supra, a trust provision for the benefit of the wife of the testator, differing in no material respect, so far as the question involved, from the provision for the benefit of the wife in the will now being construed, was held, upon the authority of Cochrane v. Schell, supra, to have created a beneficial interest in a trust, which could not be alienated, assigned, or released by the beneficiary or annuitant; and we may adopt as applicable to this case the language of the present Chief Judge of the Court of Appeals, then speaking for this court, found on page 241 of the opinion in 41 App. Div., and page 539, 58 N. Y. Supp.:

"Whatever be the obscurities in the other provisions of the will before us, it is clear that the dominant intention of the testator, in creating the trust directed by his will, was to provide the annuity to his widow. It was the surplus of income above the widow's share, and only the surplus, that was to be divided between the widow and the two children. The claims of the annuitant could not be satisfied by setting apart a portion of the estate to provide an income for her. She would be entitled at any time in the future to the income of the whole estate, if that was necessary to realize her annuity; and she cannot be subjected to the contingency that for any reason a part of the estate, apparently now sufficient to produce annually the amount of the annuity, should prove hereafter unproductive or inadequate for the purpose."

And in this connection we quote from the opinion of Judge Martin in the Herzog Case, supra:

"It is likewise to be observed that the testator's entire estate, except the residuum, has been disposed of, and by the residuary clause the title to the residue of his property after paying other independent legacies was absolutely vested in the trustees for the purposes stated in the third and fourth paragraphs of the fifteenth clause of the will. Under these circumstances, and in the absence of any such provision by the testator, the court cannot set apart any portion of the trust fund or of the estate for the purpose of establishing another fund for the payment of or to produce the annuity to the plaintiff during her life, or from which to pay the legacies to her children or their issue at her death. The court has no power to divest the legal title of the trustees to any portion of the estate. Cochrane v. Schell, 140 N. Y. 516. 536, 35 N. E. 971. Consequently the only manner in which such annuity and legacies can be satisfied is through the trust and under the powers conferred upon the trustees by the fifteenth clause as modified by the ninth clause of the third codicil."

The learned justice writing for this court in Hooker v. Hooker, supra, thought the trust could be saved by construing the subsequent provisions so as to terminate the trust upon the death or remarriage of the widow. When the case came before the Court of Appeals (166 N. Y. 156, 59 N. E. 769), that court adopted the opinion of the court below so far as it dealt with the disposition for the benefit of the wife, but disagreed with the view taken in respect to the subsequent portions of the will, and held that the trust was void, as its duration was measured by three lives in being. The court contented itself, however, with merely stating its conclusion, without attempting to distinguish the case from the case of Buchanan v. Little.

Holding, as we must, therefore, within the authority of Hooker v. Hooker, that the language of the testator evinces an unmistakable intent to create a trust for the purpose of paying an annuity

to the wife during her life, the question presented is whether the device of the remainders upon the death of the two daughters is alone sufficient to show that he had no such intention. Stated differently, the proposition is whether when a testator, by appropriate and even technical language, has created a trust to pay an annuity during the life of an annuitant, and by a subsequent clause, when construed apart from the context, makes the vesting of the remainders in possession dependent upon the death of two other persons, that fact alone, in the absence of any language in the will indicating such an intent, can have the effect of changing an inalienable beneficial interest in a trust estate to an assignable interest independent of the trust. We do not read the case of Buchanan v. Little as an authority for any such proposition. If the clause disposing of the remainders can have the effect of in any way changing or limiting the provision for the benefit of the wife in the will before us, then that effect must be to limit her beneficial interest to the lives of the two daughters, Mary and Regina, and for reasons heretofore stated this construction must be rejected as contrary to the undoubted intention of the testator; and we therefore are forced to the conclusion that the testator undertook to create a trust limited as to duration by three lives, that the trust provisions are inseparable, and that the attempted disposition of the residuary estate must fail. As the bequest of $1,000 to Charles Egan in the second paragraph of the will is so clearly dependent upon the attempted disposition of the residuary estate as to be a part of the same testamentary scheme, that provision must also fail. This construction renders it unnecessary to consider the question passed upon by the learned court at Special Term.

The judgment of the Special Term should be reversed, and as there are infants interested in the remainders attempted to be devised, who are not before the court, a new trial should be granted, so that such infants may be made parties, to the end that the final judgment may conclude the controversy; costs to abide the final award of costs. All concur.