(49 Misc. Rep. 62)

PEOPLE'S TRUST CO. v. FLYNN et al.

(Supreme Court, Special Term, Kings County.  December, 1905.)

APPEAL—SECOND TRIAL—LAW OF CASE.

Where, on an appeal to the appellate division, it was held that a testamentary trust was void as offending the rule against perpetuities, such decision was conclusive on such question raised in second trial of the same case before a single justice of the Supreme Court.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4661.]

Suit by the People's Trust Company, as substituted trustee under the will of John Flynn, deceased, against Mary C. Flynn and others to construe the will.

See 94 N. Y. Supp. 436.

T. Ellett Hodgskin, for plaintiff.
John Delahanty, for defendants Mary C. Flynn and others.
David McClure, for defendant Charles Egan.
Robert P. Orr, for defendant John Flynn, Jr.
M. F. McGoldrick, for defendant Annie D. Flynn.

GAYNOR, J. The will leaves the residuary to the executors in trust, the trust expressed being to collect the income and to pay thereout to the widow $1,800 a year for life in lieu of dower; and the remainder, share and share alike, to the testator's two daughters and three sons, his only children, all named in the will, or to those of them who survive the testator, or to the issue of any who might die either before or after the testator, until the death of the said two daughters. They all survived him, and are still alive except one son.

After creating this trust the will next provides for its duration and the final distribution in express terms, as follows:

"Upon the death of my two daughters Mary and Regina, I give, devise and bequeath the entire estate of which I may die seized," to the issue of the said daughters, and to the said sons or the issue of any of them who may be dead, the issue in each case taking per stirpes.

This suit has been tried before. Every party was then satisfied with the family arrangement made by the foregoing trust, as wise and for the benefit of all, and not void for illegally suspending the absolute power of alienation longer than two lives.

The sole question then litigated was this: One of the said sons had died intestate after the testator, and the remaining four children claimed that his share of income and corpus went to them by the will, whereas a grandson of the testator (viz., the only child of a child of the testator who had died before the testator made his will), claimed that there was an intestacy in respect of such share, and that he came in by inheritance for a share of it. 44 Misc. Rep. 6, 89 N. Y. Supp. 706. It was decided that there was an intestacy.

All of the parties acquiesced in the judgment, except the widow who alone appealed to the Appellate Division, and only because she was not content that the grandson should get anything, as the will mentioned him and sought to prevent him from sharing in the final distribution in any event. No question was argued on appeal except the one tried below, but the learned court of its own motion ordered a reargument on the question whether the said trust was not void for suspending the power of alienation for longer than two lives, viz., not only for the lives of the said two daughters upon which the duration of the trust is expressly limited by the will, but also by inference for the additional life of the widow. After reargument it declared the trust void for being limited on the widow's life also, to the regret of all of the parties, including the widow, now freely expressed to me. 106 App. Div. 78, 94 N. Y. Supp. 436.

This question is now argued before me on this second trial, and I

am asked to uphold the trust; but in view of the decision on appeal, though no one asked for or wanted it, I cannot do this, whatever my view.may be, or however unfortunate the predicament may be.

But as I am urged by counsel to express my views, as the case is to be again appealed, I may with propriety say that it appears to me that the testator was content to rely on the human probability that his old wife would not outlive both of his daughters, and to therefore limit the trust which he created for her benefit upon the lives of the said daughters, which he did in so many words. This he had the right to do; and it was nothing new that he did; it was and is common for testators to act on such safe probabilities. Buchanan v. Little, 154 N. Y., at page 152, 47 N. E. 970.

And besides he was not making an absolute provision for his widow, but only an alternative one subject to her election in lieu of dower. If she should think there was too much risk of both of the daughters dying before her, she was not obliged to take the trust provision to her in lieu of her dower; she was free to elect to take her dower. That is in fact what she did; and yet the whole trust is to be declared void, all on the theory that the trust provision for her was of such controling consideration in the mind of the testator that he must have meant to limit it on her own life in addition to the lives of her two daughters, which the will does not say, but which is drawn as an inference against what may well seem to some of us the plain inference that the testator felt safe to limit the trust for her benefit on the lives of the two daughters for the reason that it was not at all likely that she would survive them. Against this latter inference, the contrary one, that the testator must have meant to take no chance, however remote or improbable, in providing for his widow, and that therefore his intention was to do the illegal and vain thing of limiting the trust on three lives, including that of the widow, does not seem strong. I understand that the desire of courts is to uphold just testamentary provisions, and that they will not be set at naught except they be plainly illegal. And in this case, the widow not having taken the trust provision at all, there exists no reason to be astute to break the trust on the sole ground that that provision is void.

I think the will shows on its face that the testator was advised and knew that the trust could be limited on not more than two lives, and that he acted accordingly.

I have thus given my views in response to the insistence of counsel, with due respect and submission by all of us to the superior and safer authority of the Appellate Division, and only as a contribution toward the final elucidation of the case.

But judgment must be entered that the trust is void.