In the Matter of the Application of IDA L. GALLIEN, as Executrix, and HENRY GALLIEN, as Executor of the Last Will and Testament of BRACE M. GALLIEN, Deceased, for Construction of Said Last Will and Testament.

Surrogate's Court, Albany County, December 9, 1926.

**Wills — construction — testator by will placed property in trust and directed that specified monthly income be paid for life to daughter with balance to widow and son during their lives — on death of aforesaid beneficiaries trustee was directed to divide estate into six equal parts — trust unlawfully suspends power of alienation within meaning of Real Property Law, § 42, and Personal Property Law, § 11 — fact that daughter survived testator but few days cannot change application of statute.**

A will by which the testator placed his property in trust and directed that from the income thereof the trustee should pay a stipulated sum monthly to his daughter and that the balance of said income be paid his wife and a son during their lives, and further directed that on the death of said beneficiaries the trustee should, after dividing the residue of his estate into six equal parts, pay certain named bequests, must be construed as an attempt to create a trust for the duration of three lives and as such suspends the power of alienation in violation of section 42 of the Real Property Law and section 11 of the Personal Property Law; consequently, said will is not enforcible except as to the provisions revoking former wills and providing for the appointment of executors.

The fact that testator's daughter survived said testator but a few days does not change the application of the statute, for when, under any construction of an instrument there is a possibility at the time of testator's death that the trust will not terminate within the two lives, then the trust is void.

PROCEEDING for construction of will.

*Melvin T. Bender* and *Roland Ford*, for the executrix and executor.

*William M. Hargest*, for Clara K. Hargest and William Milton Hargest, Jr., legatees.

*Townsend & Kindleberger*, for A. J. Gallien, Helen K. Gallien, Paul Gallien and Gurnee Gallien, legatees.

*Arthur L. Andrews*, for National Commercial Bank and Trust Company, as trustee.

*Neile F. Towner*, for Wesleyan University, legatee.

*Gilbert V. Schenck*, for Kenneth Gallien, legatee.

*Newton B. Van Derzee*, for First Presbyterian Church of Albany, legatee.

*Herman J. Diekman*, special guardian.

LAWYER, S. The testator, Brace M. Gallien, died April 14, 1926, and left him surviving Brace Goodwin Gallien, his son and only heir at law, and his widow, Ida L. Gallien.

The last will of the testator, bearing date April 14, 1921, was admitted to probate April 30, 1926, and letters testamentary were issued to Ida L. Gallien, his widow, and Henry Gallien, a brother. The executrix and executor petition for a construction of the will.

The will was prepared by the testator on a printed form. The dispositive portions are in his handwriting.

All of the property is to be placed in trust, after the payment of lawful debts. Upon the termination of the trust, the estate is divided into six equal parts.

The will provides as follows: " After all my lawful debts are paid and discharged, I give, devise and bequeath all the rest, residue and remainder of my property of every nature whatsoever and wheresoever located, unto the National Commercial Bank of Albany, N. Y., as trustee, to be held by them in trust for the following purposes: From the income thereof to pay monthly to our foster daughter Mabel Crans the sum of fifty dollars ($50.00 per month) for her personal use. The balance of the income of my estate is to be paid to my wife, Ida L. Gallien, as she may desire it. If my said wife should be survived by our son, Brace Goodwin Gallien, then the said balance of income or so much thereof as may be necessary is to be expended for his proper support and maintenance. When the above payments shall cease by reason of the death of the beneficiaries mentioned, I direct my said trustee to pay the following bequests in the order mentioned, dividing the residue of my estate into six equal parts."

One-sixth is given to the testator's brother Henry and in case of his prior death, to testator's estate; one-sixth to testator's brother Addison and in case of his prior death, to his wife Helen K. Gallien, or in case of her prior death, to their son Kenneth Gallien, or in case of his prior death, to his brother Paul Gallien, or in case of his prior death, to his brother Gurnee Gallien; and in case none of them survive, such sixth part shall revert to the estate; one-sixth to the First Presbyterian Church of Albany, N. Y., for the permanent endowment fund; one-sixth to Wesleyan University, Middletown, Conn., for the permanent endowment fund; one-sixth to be held in trust by the trustee and the income paid in monthly installments to testator's sister, Clara K. Hargest, and in case of her death, the income to be divided equally and paid one-half to each of her sons, Thomas and Milton, or all to the survivor. At their deaths, the said one-sixth interest is to revert to the estate.

The residue of the estate, including any reversions, the trustee is directed to divide into two equal parts and to pay one part to the permanent endowment fund of the First Presbyterian Church of Albany, N. Y., and the other part to the permanent endowment fund of Wesleyan University, Middletown, Conn.

The estate consists of both real and personal property.

On behalf of the petitioners, it is urged that the testator has attempted to create a trust by which is suspended the power of alienation for a longer period than two lives in being, contrary to the provisions of statute.    (Real Prop. Law, § 42; Pers. Prop. Law, § 11.)

By express terms the testator has provided that the income from his estate shall be divided among three persons during the period of their lives and that upon the termination of the trust the fund shall be divided into six equal parts.

From the income Mabel Crans is to be paid the sum of fifty dollars per month for life, and the balance of the income is to be paid to Ida L. Gallien for life and upon her death, to Brace Goodwin Gallien for life.

The provision made for Mabel Crans is in the nature of an annuity, but it is not chargeable upon any particular property. It is clearly a part of the trust created for all three persons, Mabel Crans, Ida L. Gallien and Brace Goodwin Gallien.   The duration of the trust is measured by three lives in being.   The life of Mabel Crans is chosen as one of the lives by which the duration of the trust is to be measured.

There is no ambiguity of expression as to the testator's intention concerning the time when the trust shall end.

The annuity provided for Mabel Crans suspends the power of alienation, for it is a trust which may be created under the Real Property Law, section 96, subdivision 3.   A trust of this character is inalienable. Power of alienation is suspended during her life, for the reason that the legal title to the trust continues in the trustee during the life of the annuitant.   (*Cochrane* v. *Schell*, 140 N. Y. 516.)

It appears that Mabel Crans survived the testator but a few days.   That fact does not change the application of the statute, for when, under any construction of an instrument there is a possibility at the time of the testator's death that the trust will not terminate within the two lives, then the trust is void.

In determining whether a testamentary provision contravenes the statute prohibiting the suspension of absolute ownership of property for a longer period than two lives in being, the court must consider not what has actually happened, but what might have happened. (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86, 99; *Matter of Wilcox*, 194 id. 288; *Matter of Mount*, 185 id.

162; *Brown* v. *Quintard,* 177 id. 75; *Matter of Horner,* 237 id. 489.)

The principle governing the validity of the trust provision is considered in *Hooker* v. *Hooker* (166 N. Y. 156). The testator there created a trust to provide payment to his wife of $100 per month out of income. The balance of the income was to be divided into three equal parts, one part to be paid the wife, the other two parts to be invested for the benefit of his children. Direction was there made that upon the death of the two daughters, leaving no issue, and after carrying out the provisions made for the wife, the balance of the estate was to be divided into four equal parts and disposition of those parts then made. The principal arguments here made to sustain the validity of the will were considered in the opinion of the Appellate Division (41 App. Div. 235) which construed the provisions of the trust as directing a continuance only during the widowhood of testator's wife. On appeal, the judgment was reversed and it was held that there was an unlawful suspension of the power of alienation for more than two lives in being and that, therefore, the trust was void.

In *Buchanan* v. *Little* (154 N. Y. 147) the testator left him surviving a wife, a sister, two daughters and grandchildren. The estate was given to the executors in trust, to pay the wife $500 per year during her life, in lieu of dower, to pay the sister $400 per year during life and to pay the remainder of the income to his two daughters during their lives. It was further provided that if either daughter died during the lifetime of the other, without leaving issue, the survivor should take her deceased sister's share. If either died during the lifetime of the other, leaving issue, the issue should take. At the death of the daughters, the trust property should pass to the children absolutely, one-half to the children of each, *per stirpes.*

The trust was held valid, but dependent as to its duration upon the lives of the two daughters; that the annuities to the wife and sister were a charge upon the residuary estate, whether held in trust or freed therefrom by the falling in of the selected lives, and that, at the termination of the trust, the present value of the annuities should be ascertained and the amount paid over to the annuitants, the remainder of the estate to be distributed to the remaindermen, discharged of any lien.

The text of the will appears in the report of the case in the Appellate Division and there was presented the converse of the proposition here involved. (6 App. Div. 527.) The Court of Appeals held that the trust was to continue only during the lives of the two daughters and that the direction to pay annuities during the lives of

the wife and sister did not measure the duration of the trust, which was to continue only during the lives of the two daughters.

The situation here is entirely different. The trust is measured by three lives. The property is placed in trust and the testator directs that the income be paid for life to Mabel Crans, fifty dollars per month, and the balance to Ida L. Gallien and Brace Goodwin Gallien during their lives. When these payments shall cease, because of the deaths of the beneficiaries, the trustees are to pay bequests as directed, dividing the residue into six equal parts.

The trust thus created could not cease at any time less than the duration of the three lives.

Whenever possible, courts will sustain the validity of wills and will consider the whole instrument in order to make a construction which shall carry out the intention of the testator. To reach such a result the good will be separated from the bad. But where in clear and express statements the statute is violated, the court is not at liberty to read into the will provisions which would save the instrument upon the ground that the testator was ignorant of the effect of its illegal provisions.

What disposition a testator would have made of his property had he known his testamentary provision could not be enforced, is wholly immaterial.

In favor of the will's validity, it is argued that former rules, long established, have been relaxed or modified by subsequent decisions and *Matter of Trevor* (239 N. Y. 6) is cited in support thereof. In that case there appeared no intention to create one indivisible trust. The testator created several trusts for the benefit of his wife and children. In the event of certain contingencies, those trusts, in distinct shares, might be augmented in the future by other distinct shares. The trusts created for the wife and children could stand, without affecting such trusts, by declaring invalid those provisions by which such trusts might be increased in the future upon a contingency which had not occurred.

In the will here considered, the provision for Mabel Crans cannot be cut out without destroying the testator's whole scheme. If there is taken out of the trust a fund equal in value to the life estate of Mabel Crans, the trust would terminate as to that part of the fund before the death of the three beneficiaries. The scheme of the whole trust then falls.

It follows, therefore, that the trust created for the benefit of Mabel Crans, Ida L. Gallien and Brace Goodwin Gallien is void and that the will is not enforcible, except as to the provisions revoking former wills and the appointment of executors.

Decreed accordingly.