### BUCHANAN v. LITTLE et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

WILLS—SUSPENDING POWER OF ALIENATION.

    Testator gave his property to his executors in trust, directed out of the income they pay an annuity, to be in lieu of dower, to his wife during her life; that they pay an annuity to his sister during her life; that they pay half the remainder of the income to each of his two daughters; that on the death of either daughter the income payable to her be paid to the survivor; and provided that "at the death of my two daughters * * * I give * * * all my property * * * to their children," one-half to the children of each; or, in case of the death of one without children, then he gave all to the children of the other, or, if both died without children, then he gave all to his heirs. *Held*, that the trust terminated with the death of the two daughters, and therefore did not violate the statute of perpetuities.

Appeal from special term, New York county.

Action by Mary E. Buchanan against Sarah J. Little and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George S. Hamlin, for appellant.

A. Aymar Sands and C. P. Northrop, for respondents.

INGRAHAM, J. We agree with the counsel for the appellant in this case that the will created a trust estate in the executors of the entire remainder of the estate, and that the real question involved is as to the period during which this trust is to continue. If such period is not measured by two lives in being at the time of the death of the testator, or by any contingency can exceed that period, then the trust is void; but we are of the opinion that the period during which the trust is to continue is measured by two lives in being, namely, the lives of the two daughters of the testator, Sarah J. Little and Mary E. Cooper, and that upon their death the trust terminates, and the property vests in the residuary devisees. By the second clause of the will all of the remainder of the testator's estate, both real and personal, is devised and bequeathed to his executors in trust; and then follow provisions giving to the executors the power necessary for the proper execution

of the trust. The direction as to the income of the estate is contained in the first, second, third, fourth, and fifth subdivisions. In neither of these subdivisions is there any direction as to the period during which the trust is to continue, or as to the disposition of the remainder after the termination of the trust. The first subdivision directs a payment of an annuity to his wife, which is to be paid to her during her life, but this provision as to a payment during her life is necessarily subject to a continuance of the trust during that period. · If the trust, by the express provisions of the will, should terminate before the death of this annuitant, then, as matter of course, there being no fund from which this annuity could be paid, the annuity would cease. And the fact that this annuity is to be given in lieu of dower would not indicate that it was the intention of the testator to continue the annuity during the life of the annuitant, irrespective of the continuance of the trust; for, in the first place, the persons upon whose lives the trust was limited were the children of the annuitant, who, in the ordinary course of events, would be presumed to live longer than she would, and she was not bound to accept this provision in lieu of dower if for any reason she preferred her dower. And so the direction to the trustees to pay to the testator's sister the yearly sum of $400, during her natural life would not be construed to continue the trust for a longer period than by the express provisions of the will it was to continue. Both of these annuities were given subject to the continuance of the trust during the lives of the several annuitants. By the third subdivision of the will the trustees are directed to pay the remaining income of the estate, after paying the legacies to his wife and sister, one-half to his daughter Sarah Jane Little, for and during her natural life, and the other half to his daughter Mary E. Cooper, for and during her natural life. The fourth and fifth clauses provide that after the death of either of his daughters the income payable to the one dying shall go to the survivor; and by the sixth subdivision of the will provision is made for the termination of the trust, and the devise of the property upon such termination. There the language is explicit: "At the death of my two daughters, Sarah Jane Little and Mary E. Cooper, I give, devise, and bequeath all my property, both real and personal, to their children, one-half to the children of each daughter," etc. Thus, by the express terms of the will by which the remainder is devised and bequeathed, such devise and bequest over takes effect upon the death of his two daughters. Nothing could be more explicit or clear than that upon the death of his two daughters the title to this property vests absolutely in the devisees named in the sixth subdivision of the second clause of the will. The subsequent provisions of the sixth subdivision are perfectly consistent with this construction. The provision that, "should either of my said daughters die without leaving lawful issue, then I give all my estate to the children of the other," was not intended to become operative until the death of the surviving daughter, for it was subject to the provision that the trust was to continue until the death of both daughters. The same may be

said of the clause providing for the contingency of both daughters dying without issue, for in. that case, upon the death of the survivor, the property was to go to the testator's heirs at law. This construction is confirmed by the fact that no disposition is made of the income of the estate not required to pay the annuities to the testator's wife and sister after the death of both children. If he had contemplated the continuance of the trust after the death of his daughters, he would have made some provision for the disposition of such income. This construction of the will is according to its plain meaning. It is legal, violates no rule of law, nor express or implied intentions of the testator, except his apparent wish that his wife and sister should have their several annuities during their respective lives; and this, in the ordinary course of nature, would be accomplished by the provisions of the will which limited the duration of the trust estate upon the lives of two persons much younger and more probable to survive than the annuitants.

We think the judgment was clearly right, and that it should be affirmed, with costs. All concur.