## In re CHARLIER'S WILL.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. WILLS—CONSTRUCTION.
   Where a testator gave his personal property to his executors in trust to pay an annuity to C. for life, and the balance of the income above that and another annuity to testator's widow for life, and upon her death all the property to vest in equal shares in testator's grandchildren, *held*, that it was his intention that the annuity to C. should cease upon the death of the widow.

2. SAME—SUSPENSION OF ABSOLUTE OWNERSHIP.
   Where there is a testamentary provision that, upon the death of a specified person, a trust of personalty created by the will shall cease, and the property shall vest in several grandchildren in equal shares, a further provision that the principal shall not be paid to the grandchildren until they reach the age of 25 is unobjectionable, under 1 Rev. St. (1st Ed.) p. 773, § 1, relating to suspension of absolute ownership.

Appeal from surrogate's court.

In the matter of proving the last will and testament of Elie Charlier, the children of the deceased appeal.     Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles H. Blair, for appellants.

Charles Stewart Davison, for certain respondents.

James G. King, for respondent executor.

Ralph Oakley, for respondent Augusta Miller Charlier.

INGRAHAM, J.     The only question raised by this appeal is as to the construction to be given to the will of Elie Charlier, deceased.   By the third clause of the will the testator gives to his executors all of the residue of his estate in trust, to hold, invest, and keep the same invested, and to dispose of the income as follows:   First. The testator gave to Euphemia Marie Douglass Carmichael an annuity of $600 during her life;   second, he gave to his daughter-in-law an annuity of $600, which should cease on the death of his wife;   and, third, he gave to his wife the income of all his property, after deducting the above annuities, during her life.     By the fifth clause of the will it is provided:   "At the death of my wife, I give all my property in equal shares to my grandchildren [the children of his sons and daughters, naming them];   each grandchild living at the time of my wife's death to have an equal share,"—with a provision for retaining the share of each grandchild until he or she is 25 years of age.   By the sixth clause it is provided that, "in case my said wife shall not survive me, then I do give, devise, and bequeath all my estate, both real and personal, to my above-named grandchildren, each grandchild living at the time of my death to have an equal share,"—with a provision for retaining the income until each child shall reach the age of 25 years, and providing that, in case of the death of any grandchild leaving issue, such issue should inherit the share which such grandchild would have received if alive at the time of his death.

The appellants claim that this disposition of the residuary estate was illegal, as in contravention of the provisions of the statute which require that the absolute ownership of personal property shall not be suspended by any limitation or condition whatever for a longer period than during the continuance and until the termination of not more than two lives in being at the time of the death of the testator.   Reading this whole will together, we think the intention of the testator was clear.   He wished to make provision for his wife during her life, and upon her death he wished the property to vest in his grandchildren. The annuities given by the first and second clauses of the will are to be paid by the trustees from the income of the property held by them in trust.   The annuities could only be paid during the continuance of the trust.   By the fifth clause of the will the testator expressly provided that at the death of his wife all of his property is to vest in the children, their enjoyment of their shares, however, to be postponed until they respectively arrived at the age of 25 years.

It would be manifestly impossible for the annuity to Mrs. Car-michael to be paid out of the income of the property held in trust after the property had vested in his children, and thus the trust terminated; and the intention of the testator is emphasized by the sixth clause of his will, which provides that, in case his wife should not survive him, then all of his estate, both real and personal, is given at once to his grandchildren, as of the time of his death. Thus, if the wife had not survived him, no trust would have been created, and there would have been no income from which these annuities could have been paid. It seems to me clear that upon the death of his wife if she survived him, or upon his own death in case his wife should not survive him, all of his property should vest in his grandchildren; and the annuities given by the first and second clauses of the will were limited to the continuance of the trust which was only to come into existence in case the wife survived him, and which in that event was to terminate upon the death of his wife. In determining the construction to be given to this will, we must bear in mind the rule that a construction which would support the will is to be preferred to one which would render it invalid; and while the first clause of the will, if not controlled by a clearly expressed intention of the testator, would continue the annuity to Mrs. Carmichael during her life, irrespective of any other condition, the express provision that the property is to vest in his children upon the death of his wife in case she survived him, or, in case of her death before the testator, immediately upon his death, being inconsistent with a continuance of the annuity beyond the life of his wife, the first clause of the will must give way to this clearly expressed intention, and the annuities given by the first and second clauses must be held to terminate upon the death of the testator's wife. The provision contained in the second clause of the will terminating the annuity therein given upon the death of his wife would seem to indicate that the testator intended that the annuity to Mrs. Carmichael should continue beyond that time; but, as the continuance of such annuity is made impossible by the provision vesting the property in his children upon the death of his wife, we think the annuity given by the first clause, as well as that given by the second, terminates upon the death of the wife. That the testator created a trust of property, from the income of which these annuities are provided for by the first and second clauses of the third paragraph of the will, is clear; and that such a trust is valid, provided the absolute ownership of personal property is not suspended for a longer period than during the continuance of two lives in being at the time of the death of the testator, has been expressly held by the court of appeals in the case of Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971. In the case of Buchanan v. Little, 6 App. Div. 527, 39 N. Y. Supp. 671, where a like question was presented, we held that the annuities, although in terms to continue during the lives of the annuitants, in fact terminated upon the death of the testator's two daughters; since by the provisions of the will it was expressly provided that upon the death of the daughters all the testator's property was given to the daughters' children, as at that time, by the express provisions of the will, the trust terminated. Upon appeal to the court of appeals (47 N. E. 970),

however, it was held that the termination of the trust while the annuitants or either of them survived did not result in cutting off the annuities, that it was clearly the intention of the testator, on the face of the will, that the annuities during the lives of his wife and sister, respectively, should be a charge upon his residuary estate, whether held by the executors in trust or freed from that limitation by the falling in of the selected lives; the court, however, holding that the trust terminated upon the death of the survivor of the testator's two daughters, as upon the happening of that event all the property was given to the children of such daughters. Applying that principle to the case at bar, the decree of the surrogate was right.

We think, also, that the payment of the share of such grandchild is to be postponed until such child arrives at the age of 25 years. That such a provision is valid was expressly held by the court of appeals in the case of Vanderpoel v. Loew, 112 N. Y. 167, 19 N. E. 481. There, as here, the whole income from each share, from the death of the widow to the time of payment, is bequeathed to the grandchild to whom the share of the corpus of the estate is given upon arrival at that age.

The question as to the continuance of the annuity to Mrs. Carmichael is not material in this case now, as it is conceded in the brief submitted by counsel that, since the decree of the surrogate, Mrs. Carmichael has died.

We think, therefore, that the decree was right, and it should be affirmed, with costs of this appeal to the respondents, to be paid out of the estate. All concur.