PEOPLE'S TRUST CO. v. FLYNN et al.

(Supreme Court, Appellate Division, Second Department.   June 15, 1906.)

PERPETUITIES—EFFECT OF ELECTION TO TAKE AGAINST WILL.
   The fact that the widow, for whom, among others, provision is made by a trust created by a will, elects to take against the will, does not permit of the question whether the trust provision contravenes the law against perpetuities; being considered independent of such provision for her.

Appeal from Special Term, Kings County.

Suit by the People's Trust Company, as substituted trustee, against Mary C. Flynn and others. From the judgment, certain defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

S. P. Cahill, for appellants Mary C. Flynn, Regina A. Cahill, and William J. Flynn.

Robert P. Orr, for appellant John Flynn, Jr.

Forbes J. Hennessy, for appellants William J. Flynn, Jr., and J. Philip Cahill.

T. Ellett Hodgskin, for respondent People's Trust Co.

Michael F. McGoldrick, for respondent Annie D. Flynn.

David McClure, for respondent Charles E. Egan, Jr.

MILLER, J. We desire to add nothing to the discussion on the former appeal (106 App. Div. 78, 94 N. Y. Supp. 436), except in reference to the point again forcibly urged upon us that, the widow having elected to take dower, the provision for her benefit should be eliminated in determining the question of the suspension of the power of alienation. In support of this proposition, our attention is called to an excerpt from the opinion of Judge Miller in Bailey v. Bailey, 97 N. Y. 460–471. But it will be noted that the provision for the wife in that case was wholly independent of the trust, and the decision was expressly placed upon the ground that the estate given her was assignable, and that therefore there was no suspension during her life, as stated by the learned counsel for the respondent trust company herein. The Bailey Case was cited in Corse v. Chapman, 153 N. Y. 466–473, 47 N. E. 812, but only upon the proposition that a life estate given the widow, independent of the trust, was alienable. Research of counsel, supplemented by our own, has failed to disclose a single case holding that a void testamentary disposition is made valid by the refusal of one of the beneficiaries to accept the benefit of its provisions. On the contrary, the Court of Appeals has frequently reiterated the rule that:

"Where, by the terms of an instrument creating an estate, there may be an unlawful suspension of the power of alienation or of the absolute ownership, the limitation is void, although it turn out by subsequent events that no actual suspension beyond the prescribed period would have taken place."

Herzog v. Title Guaranty & Trust Co., 177 N. Y. 86, and cases cited on page 99, 69 N. E. 283, on page 287, 67 L. R. A. 146.

We think this case presents no exception to the rule, and for this reason, in addition to those stated in our former opinion, affirm the judgment now appealed from, with costs to all parties to the appeal, payable out of the fund.  All concur.