THE PEOPLE'S TRUST COMPANY, as Substituted Trustee under the Will of JOHN FLYNN, Deceased, Respondent, *v.* MARY C. FLYNN et al., Appellants, and ANNIE D. FLYNN, Individually and as Administratrix of the Estate of JOHN FLYNN, Deceased, et al., Respondents.

1. TESTAMENTARY TRUST — WHEN GIFT OF RESIDUARY ESTATE IN TRUST TO PAY ANNUITY TO WIDOW FOR LIFE AND BALANCE OF INCOME TO CHILDREN DURING LIVES OF TWO DAUGHTERS OF TESTATOR NOT AN UNLAWFUL SUSPENSION OF POWER OF ALIENATION. The will of a testator gave his entire estate, real and personal, remaining after the payment of his debts and some general bequests, to his executors in trust, to

pay to his wife, from the income thereof, a certain annuity during. her life in lieu of dower, and after the payment of "the above annuity or dower interest" to divide the net residue of the income into five equal parts and pay one share thereof to each of his two daughters and three sons, or their issue, until the death of the two daughters; if any of such five children should die before the testator, without issue, the net residuary income to be divided among those surviving or represented by issue; upon the death of the two daughters, the residuary estate was given to the issue of his two daughters, naming each, and to his three sons, naming each, "or to the issue of either of said sons, if they shall have previously died leaving issue." *Held,* that the trust is measured by the lives of the two daughters, and terminates upon the death of the survivor of them; when the survivor dies the *corpus* of the trust will vest in the residuary legatees, subject to the payment of the annuity to testator's widow, so that if the value of her annuity be computed and paid the lien thereof can be discharged and the residuary estate divided among the legatees entitled thereto at that time.

2. Failure to Provide for Disposition of Income and Corpus of Trust in Event of Death of Child Without Issue Before Termination of Trust — Share of Such Deceased Child Must Be Distributed Under Statute of Descents and Distribution. No provision having been made for the disposition of either the income or *corpus* of the trust in the event of the death of one, or more, of testator's children, without issue, during the existence of the trust, since the gift was to take effect *in futuro,* when the last of the two daughters died, not *in præsenti,* as of the date of the will, and one of testator's sons having died since the death of testator, without issue, during the pendency of the trust, testator died intestate, both as to the income and *corpus* of that part of the trust to which said son, or his issue, would have been entitled; and, therefore, a grandchild, son of a deceased daughter of testator, who was excluded from any participation in the division of the residuary estate, as made by the will, is not excluded from participating in the division of the share of such deceased son, under the Statute of Descents and Distribution.

*People's Trust Co.* v. *Flynn,* 113 App. Div. 683, reversed.

(Argued April 8, 1907; decided April 30, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1906, which affirmed a judgment of Special Term construing the will of John Flynn, deceased.

On the 18th of October, 1897, John Flynn, a resident of the city of Brooklyn, died at the age of seventy, leaving a last will and quite a large estate. His widow, five children

and one grandchild, the son of a daughter who died before the execution of the will, survived him as his only heirs at law and next of kin. Two daughters and one son were the children of his first wife, while two sons were the children of his second wife. The youngest son, James, died on the 26th of January, 1904, at the age of eleven, leaving his mother, four brothers and sisters and a nephew of a deceased sister as his only heirs at law and next of kin. John Flynn by the residuary clause of his will created a trust and this action was brought by the substituted trustee for the construction of that clause. The plaintiff asked specifically for instructions as to its rights and duties " as to a distribution of the rents and income of the share of the said James Flynn, deceased, during the continuation of the trust and as to how it shall distribute or transfer the share of said James Flynn, deceased, under his father's will when the trust shall cease." It also asked generally that the residuary clause " be judicially construed and that it be determined whether or not such residuary clause is valid." Various parties defendant answered and united in the prayer of the complaint for the construction of the residuary clause, and one of them asked that it be declared void because the trust was limited " on three lives in being at the death of the testator, contrary to the statute in such case made and provided."

Upon the first trial of the case the only question which appears to have been litigated related to the share of the son who died intestate after his father, and it was decided that the testator died " intestate as to such share and its income." (44 Misc. Rep. 6.) An appeal was taken from the judgment of the Special Term to the Appellate Division, which, without considering the question passed upon below, decided, but not until after a reargument, that the trust was void because measured by three lives in violation of the statute. As it appeared that there were infants interested in the remainders affected who were not before the court a new trial was granted so that they could be brought in. (106 App. Div. 78.) Upon the second trial judgment was rendered in accordance with

the views previously expressed by the Appellate Division and it was affirmed on appeal. (113 App. Div. 683.) From the judgment of affirmance this appeal is taken.

*S. P. Cahill* and *John Delahunty* for appellants. There is no suspension of the power of alienation here as the trust must terminate on the death of the testator's two daughters. (*Buchanan* v. *Little*, 135 N. Y. 147; *Herzog* v. *T. G. & T. Co.*, 177 N. Y. 93.) The testator did not intend that the remainder should vest. (*Stinson* v. *Vroman*, 99 N. Y. 74; *Bogart* v. *Jones*, 2 How. Pr. 491; *Matter of Westcott*, 16 N. Y. S. R. 286; *Freeman* v. *Coit*, 96 N. Y. 63; *Phillip* v. *Davies*, 92 N. Y. 199.)

*T. Ellett Hodgskin* for plaintiff, respondent. There is no suspension of the power of alienation beyond the lives of the testator's two daughters, Mary and Regina, contained in the trust provision of the will. (*Buchanan* v. *Little*, 154 N. Y. 147; *Dunham* v. *Deraismes*, 165 N. Y. 69.)

*Robert P. Orr* for John Flynn, Jr., respondent. There is no violation of the statute against perpetuities. (*Buchanan* v. *Little*, 154 N. Y. 147.) In the event of the death of any of the sons, intestate and without issue, after the death of testator and during the continuance of the intermediate estate, his share became a part of his estate subject to be disposed of as the law provided. (*Bowditch* v. *Ayrault*, 138 N. Y. 222.)

*Forbes J. Hennessy* for William J. Flynn, Jr., et al., respondents. There is no illegal suspension of the power of alienation. (*Buchanan* v. *Little*, 154 N. Y. 447.) There being a valid suspension of the power of alienation and no direction for the accumulation of the rents and profits they belong to the persons presumptively entitled to the next eventual estate. (*Kilpatrick* v. *Johnson*, 15 N. Y. 326; *Gould* v. *Rutherford*, 29 Hun, 280.)

*David McClure* for Charles Egan, respondent. The will creates a trust for the benefit of the wife. (L. 1896, ch. 547, § 76.) The will creates a valid trust of the " net residue " of the income. (*Bailey* v. *Bailey*, 97 N. Y. 460.) The will provides for an illegal suspension of the power of alienation. (*Cochran* v. *Schell*, 140 N. Y. 516 ; *Greenwood* v. *Holbrook*, 111 N. Y. 465 ; *Bailey* v. *Bailey*, 97 N. Y. 460 ; *Corse* v. *Chapman*, 153 N. Y. 466.)

*M. F. McGoldrick* for Annie D. Flynn, respondent. There is an illegal suspension of the power of alienation in the attempted disposition of the estate in the residuary clause of the will. (*Herzog* v. *T. G. & T. Co.*, 177 N. Y. 86 ; *Hooker* v. *Hooker*, 166. N. Y. 156 ; *P. Trust Co.* v. *Flynn*, 106 App. Div. 78 ; L. 1906, ch. 547, § 32 ; L. 1897, ch. 417, § 2.)

Vann, J. The testator made his will on the 18th of February, 1897, eight months before he died. After providing for the payment of his debts and funeral expenses he made some general bequests, and among them was " the sum of one hundred dollars per annum " to his sister, Ann Flynn, " to be paid to her by my executors hereinafter named for and during the term of her natural life." The residuary clause is as follows : " I hereby give, devise and bequeath all the rest, residue and remainder of my estate, real and personal of which I may die seized, entitled to, or possessed of, unto my said executors hereinafter named as trustees, to them, and their successors, to have and to hold the same for the following uses, intents and purposes, viz. :

" To enter into and take possession of same, to keep the real estate in repair ; to pay all insurance, taxes, assessments and water rates which may accrue against said property and also other necessary expenses ; to collect and receive all the rents, issues, profits and income therefrom, and out of the net annual income of my said residuary estate pay over to my wife Annie the sum of one thousand eight hundred dollars ($1,800) per annum, payable half yearly for and during the term of her

natural life, which payment shall be in lieu of all dower right or interest which she might or may have in my estate; and also after the payment of the above annuity or dower interest to my wife, to divide the net residue of the income derived under said trust into five equal parts and pay over one share thereof to each of my five children, namely, Mary C., Regina, William J., John, Jr., and James, or the issue of each child or any of them who shall die leaving issue, until the death of my two daughters, Mary and Regina. If, however, any of said five children shall have predeceased me, without issue surviving them, then said net residuary income shall be equally subdivided among those living or represented. Upon the death of my two daughters Mary and Regina, I give, devise and bequeath the entire estate of which I may die seized, entitled to or possessed of to the issue of said Mary, the said Regina, William J. Flynn, John Flynn, Jr., and James Flynn, or to the issue of either of said sons, if they shall have previously died leaving issue, such issue taking the share which would have belonged to its parent in equal shares; hereby excluding my grandchild Charles Eagan, or his issue, from any participation in the division of my residuary estate."

The widow refused to accept the provisions of the will in lieu of dower, and her dower was duly admeasured by a final judgment rendered in an action brought by her in the Supreme Court for that purpose.

It is insisted on the one hand and the courts below so decided, the Appellate Division unanimously and the Special Term under the constraint of the Appellate Division, that the provision for the wife is part of the trust; that the provision for the children until the death of the two daughters is also part of the trust; that the testator did not intend that the title of the trustees should be divested until the death of the wife and the two daughters and, hence, as the duration of the trust was measured by the three lives, namely, those of the widow and the two daughters, it was void. On the other hand, it is insisted that the testator intended to give his wife

an annuity chargeable upon the residuary estate and that the case is governed by our recent decision in *Buchanan* v. *Little* (6 App. Div. 527; 154 N. Y. 147).

The case cited impresses us as strikingly similar in its facts to the one in hand. As the will involved in that case is set forth more fully in the Appellate Division reports than in our own, we quote therefrom the residuary clause as follows:

" *Second.* I give, devise and bequeath all the remainder of my estate, both real and personal, to my executors hereinafter named, and the survivor of them, in trust, however, for the uses and purposes hereinafter set forth, to take the possession, care and management thereof, to let or lease the real estate and safely invest the personal estate, to collect the rents and income and to pay taxes, assessments, insurance, cost of repairs and other proper charges thereon, and pay over the net income of my said estate, as follows:

" 1st. I direct my said executors to pay my beloved wife, Jane Cooper, the sum of five hundred dollars per year, each and every year during her natural life, to be paid half-yearly or quarterly, if practicable, which said sum is hereby given in lieu of dower.

" 2d. I direct my said executors to pay to my sister, Rebecca Cooper, the yearly sum of four hundred dollars, each and every year during her natural life, payable quarterly.

" 3d. I direct my said executors to pay all the remainder of the income of my estate, after paying the above-mentioned legacies to my wife and sister as follows: One-half of the remainder of the income of my said estate to my daughter, Sarah Jane Little (formerly Cooper), for and during her natural life, and the other half of the remainder of my said income to my daughter, Mary E. Cooper, for and during her natural life, said income to be paid half-yearly or quarterly, if practicable.

" 4th. Should either of my said daughters die without lawful issue, during the life of the other, I give the share of the deceased sister in my estate to the survivor.

" 5th. Should either die during the life of the other, leaving

lawful issue, I direct the share of such deceased sister to be paid to her children, share and share alike.

"6th. At the death of my two daughters, Sarah Jane Little and Mary E. Cooper, I give, devise and bequeath all my property, both real and personal, to their children, one-half to the children of each daughter, share and share alike, *per stirpes* and not *per capita*. Should either of my said daughters die without leaving lawful issue, then I give all my estate to the children of the other, share and share alike. Should both of my said daughters die without leaving lawful issue, my estate shall then go to my heirs at law."

When this will came before us for construction all the judges united in holding that "there was created a valid trust dependent, as to its duration, upon the lives of the two daughters; that the annuities to the wife and sister were a charge upon the residuary estate, whether held in trust or freed therefrom by the falling in of the selected lives; and that, at the termination of the trust, the present value of the annuities should be ascertained and the amount paid over to the annuitants and the remainder of the estate distributed to the remaindermen, discharged of any lien."

Analogy is seldom so exact as that which exists between these two wills and we are unable to distinguish the case before us from the case cited. The facts are almost identical and the same principle must govern both. The testator in each measured the trust by the lives of his two daughters. As long as either of them lived the trust continued, and it died with the last survivor. In each case the executors were ordered to pay out of the net income a certain sum annually to the widow "during her natural life" in lieu of dower. In the *Cooper* will that sum was held to be an annuity, although the testator did not so name it, while, in the will before us, he spoke of it as the "annuity or dower interest" of his wife. Although in the earlier case there were words of direct gift to the widow in addition to the direction to pay, still there was but a naked direction to pay to the "sister, Rebecca Cooper, the yearly sum of $400 each and every year

during her natural life," and thus the parallel between the facts of the two cases continues. The provision for the widow bears the same relation to the trust in the one case as in the other, but in neither was it intended to affect the duration thereof. It was made a charge upon the residuary estate, but this did not prolong the period of the trust, and when the trust ended the charge continued if the widow still survived. The trust was measured by the lives of the daughters and the *corpus* vested, subject to the charge when those lives fell in, while, if the widow was still living, the value of her annuity when computed and paid would discharge the lien. The estate could thus be divided as soon as the daughters died and the command of the statute in all things observed. The gift to the wife was not, as is frequently the case, a paramount object, for the property was mostly real estate, and the will gave her less than the law. Her election to take dower, however, does not affect the question presented, which is governed by what might have happened, not by what has happened. We regard further discussion of the subject as unnecessary, for the principle of *stare decisis*, as well as the rule requiring a construction which will preserve a will rather then destroy it, when possible, compel us to hold the trust to be valid and binding in every respect.

This conclusion makes it necessary to decide the question which this action was brought to settle, and which was the only question considered upon the first trial, namely : As the son James died after the testator, what is to become of his share of both income and *corpus ?* Provision is made by the will for the children who survive the testator and for the issue of such as do not survive him, but no disposition is made of either income or *corpus* as to a child dying without issue during the existence of the trust. Thus there was a failure to provide for the contingency which happened through the death of the youngest child without issue. Neither the aged testator nor the person whom he employed to draw his will apparently thought of that possibility. There is no express gift of the share which James would have taken

had he lived, and nothing from which a gift can fairly be implied. The *corpus* vested in the trustees until, or, to use the language of the testator, "upon the death" of his two daughters, when he devised and bequeathed "the entire estate" in remainder. The gift was to take effect *in futuro*, not *in præsenti*. He did not give as of the date of the will, but as of the date when the last of the selected lives fell in. The only gift of the remainder is "upon the death" of Mary and Regina, while the gift of the income is through the direction for the annual payment thereof. After the death of James the income could no longer be paid to him, and there was no direction to pay it to any one else, under the circumstances then existing. The testator did not intend that the residuary estate should vest in any of his heirs upon his death, subject to the execution of the trust, but only upon the death of his daughters after the trust had been executed. Until that time arrived he gave nothing except through the direction to the trustees to pay over the net annual income. When that time arrived he gave the remainder to the issue of his two daughters, naming each, and to his three sons, naming each, "or to the issue of either of said sons, if they shall have previously died leaving issue." From the age of his children as compared with his own, and from the fact that the gift in remainder was not to take effect until both his daughters died, he evidently meant by the word "previously" a death during the continuance of the trust and not during his own life. Until the trust ended he did not intend that his residuary estate should vest so that it could be sold and squandered. (*Lewisohn* v. *Henry*, 179 N. Y. 352.)

We think, as was held by the Special Term upon the first trial (44 Misc. Rep. 6), that the testator died intestate, both as to the income and *corpus*, with reference to any child dying intestate and without issue during the period of the trust. Therefore, the grandchild, Charles Eagan, although excluded from any participation in the division of the residuary estate as made by the will, is not excluded from participating in the

division of such part as must be made by the Statute of Descents and Distributions.

The judgments of the Special Term and of the Appellate Division should be reversed and the cause remitted to Special Term, with direction to enter judgment in accordance with opinion, costs to all parties payable out of the estate.

Cullen, Ch. J., O'Brien, Edward T. Bartlett, Haight, Hiscock and Chase, JJ., concur.

Judgment accordingly.