JAMES B. CHASTAIN, as Executor of MARY T. CHASTAIN, Deceased, Appellant, *v.* HUNT T. DICKINSON, by His Guardian ad Litem, ANDREW G. DICKINSON, et al., Respondents, and FRANK V. TILFORD et al., Appellants.

Will — when illegality of some provisions of a will does not invalidate the other provisions thereof.

Provisions of a will making several bequests and creating several trusts examined, and *held*, concurring in opinion of Appellate Division (*Chastain* v. *Tilford*, 138 App. Div. 746), that the several parts of such will are not so intermingled or interdependent that the bequests which offend against our statutes cannot be separated from the bequests that are made in conformity therewith.
*Chastain* v. *Tilford*, 138 App. Div. 746, affirmed.

(Argued February 8, 1911; decided February 21, 1911.)

APPEAL by the plaintiff and by the defendants appellants from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 23, 1910, upon an order reversing a judgment of Special Term and

directing judgment construing the will of Catherine Hunt Tilford, deceased.

Catharine Hunt Tilford died September 3, 1908, leaving a will which has been duly admitted to probate. At the time of making said will and at the time of her death she had five living children, Richard Curd Tilford, Edward Alfred Tilford, Mary Trotter Chastain, Wesley Hunt Tilford and Henry Morgan Tilford.

Prior to making the will one son, J. B. Tilford, died, leaving two children, the defendants Keferstein and Frank Vincit Tilford. The five children named and said two grandchildren were her only heirs at law and next of kin.

By her will she made many specific gifts and general legacies, including a legacy of $5,000 each to said defendants Keferstein and Frank Vincit Tilford. The thirteenth and fourteenth paragraphs of her will are as follows:

" *Thirteenth.* I bequeath ten thousand dollars to my trustees hereinafter named, or the survivor of them, in trust to invest, reinvest and manage the same, collect the issues and profits thereof and pay the net income thereof quarterly to my daughter Mary Trotter Chastain during her life, and upon her death the principal shall again become a part of my residuary estate, and shall be divided equally between the devisees of said residuary estate in accordance with the terms and conditions hereinafter provided.

" *Fourteenth.* I devise and bequeath all the rest, residue and remainder of my estate, real and personal, as follows:

" I devise and bequeath one equal fifth part thereof to my Trustees hereinafter named, or the survivor of them, in trust to enter into possession thereof, to invest, reinvest and manage the same, collect the rents, issues and profits thereof, and pay the said rents, issues and profits quarterly to my son Richard Curd Tilford during his life, and upon his death the principal shall again become a part of my residuary estate, and shall be divided equally between the remaining devisees of said residuary estate, subject to the same terms and conditions as are herein provided for the several one-fifth portions thereof.

" I devise and bequeath one equal fifth part thereof to my Trustees hereinafter named, or the survivor of them, in trust

to enter into possession thereof, to invest, reinvest and manage the same, collect the rents, issues and profits thereof, and pay the said rents, issues and profits quarterly to my son Edward Alfred Tilford during his life, and upon his death the principal shall again become a part of my residuary estate, and shall be divided equally between the remaining devisees of said residuary estate, subject to the same terms and conditions as are herein provided for the several one-fifth portions thereof.

"I devise and bequeath one equal fifth part thereof to my trustees hereinafter named, or the survivor of them, in trust to enter into possession thereof, invest and reinvest and manage the same, collect the rents, issues and profits thereof and pay the said rents, issues and profits quarterly to my daughter Mary Trotter Chastain during her life and upon her death to pay the rents, issues and profits quarterly to my great grandson Hunt Tilford Dickinson, if he is living, until he is twenty-five years of age, and when he shall arrive at the age of twenty-five years my said trustees shall convey and pay over to him, the said Hunt Tilford Dickinson, the said trust estate. If, however, he shall die before he arrives at the age of twenty-five years, without lawful issue him surviving, the principal of said trust estate shall, on his death and the death of my said daughter, become again a part of my residuary estate and shall be divided equally among the devisees of my residuary estate subject to the same terms and conditions as herein provided for the several one-fifth portions thereof.

"I devise and bequeath one equal fifth part thereof to my son Wesley Hunt Tilford and his heirs.

"I devise and bequeath one equal fifth part thereof to my son Henry Morgan Tilford and his heirs.

"The reason I have not devised any of my estate except as above to the children of my deceased son J. B. Tilford is, because of his wish that I should not do so, he stating that his children would inherit from him all that he desired they should have. * * *"

This action was brought to obtain a construction of said thirteenth and fourteenth paragraphs of the will. The plaintiff claimed that all of the provisions of said paragraphs are illegal and void. Upon the trial at Special Term it was held

in accordance with the contention of the plaintiff. A judgment was entered accordingly and an appeal was taken therefrom to the Appellate Division where the judgment at Special Term was reversed and said paragraphs of the will were construed. The following is that part of the judgment construing said will:

"*First.* That the thirteenth clause of the last will and testament of Catharine Hunt Tilford, deceased, creates a valid trust in favor of the daughter of said decedent, Mary Trotter Chastain, during her life in the sum of $10,000.

"*Second.* That paragraph fourteenth of said last will and testament creates valid trusts in favor of said decedent's sons Richard Curd Tilford and Edward Alfred Tilford and said decedent's daughter Mary Trotter Chastain during their respective lives in equal one-fifth shares of the residuary estate of said decedent.

"*Third.* That the concluding words of clause one of paragraph fourteenth of said last will and testament create valid trusts in equal sub-shares of the principal of the one-fifth share devised and bequeathed in trust to Richard Curd Tilford in favor of said Edward Alfred Tilford and Mary Trotter Chastain for their respective lives, after the death of said Richard Curd Tilford.

"*Fourth.* That the concluding words of clause two of paragraph fourteenth of said last will and testament create valid trusts in equal sub-shares of the principal of the one-fifth share devised and bequeathed in trust to Edward Alfred Tilford in favor of said Richard Curd Tilford and Mary Trotter Chastain for their respective lives, after the death of said Edward Alfred Tilford.

"*Fifth.* That the concluding words of paragraph thirteenth of said last will and testament create valid trusts in equal sub-shares of the principal of the said sum of $10,000 devised and bequeathed in trust to said Mary Trotter Chastain in favor of said Richard Curd Tilford and Edward Alfred Tilford for their respective lives after the death of said Mary Trotter Chastain.

"*Sixth.* That the said last will and testament does not dispose of the principal of any sub-share mentioned in paragraphs

third, fourth and fifth hereof upon the termination of the life during which said sub-share is directed to be held in trust and upon the termination of any such life the principal of any such sub-share shall be distributed as provided by law in case of intestacy.

"*Seventh.* That the third clause of paragraph fourteenth of said last will and testament creates a valid trust of the principal of the one-fifth share devised and bequeathed in trust to said Mary Trotter Chastain in favor of said decedent's great grandson Hunt Tilford Dickinson.

"*Eighth.* That the concluding words of the third clause of paragraph fourteenth of said last will and testament do not create valid trusts in favor of said Richard Curd Tilford and Edward Alfred Tilford and that in the event that said Hunt Tilford Dickinson shall not survive said Mary Trotter Chastain or, surviving her, shall die before attaining the age of twenty-five years, the principal of the one-fifth share devised and bequeathed in trust for said Mary Trotter Chastain and Hunt Tilford Dickinson shall upon the death of the survivor of said Mary Trotter Chastain and Hunt Tilford Dickinson, be distributed as provided by law in case of intestacy."

From the judgment of the Appellate Division the appeal is taken to this court.

*George Gordon Battle* for plaintiff appellant.

*Kenneth C. Kirtland* for Frank V. Tilford, defendant appellant.

*Edward Bruce Hill* for Elizabeth T. Keferstein, defendant appellant.

*Alton B. Parker* and *J. Markham Marshall* for Hunt T. Dickinson, respondent.

*John Brooks Leavitt* for Henry M. Tilford, as executor, respondent.

*Stuart G. Gibboney* for Richard C. Tilford, respondent.

CHASE, J. We concur in the opinion of the Appellate Division (*Chastain* v. *Tilford*, 138 App. Div. 746) in saying that the several parts of the will are not so intermingled or interdependent that the bequests that offend against our statutes cannot be separated from the bequests that are made in conformity therewith. The predominant purpose of the testatrix, as shown by her will, was to give to each of her children then living the use of one-fifth of the residue of her estate for life. For reasons not expressed in the will she chose to limit the bequests to her three children, Richard, Edward and Mary, to the " rents, issues and profits quarterly " of such one-fifth of the residue of her estate for their lives respectively, while she chose to make the bequests to each of her children Wesley and Henry absolute. Her purpose to that extent is clearly stated in language and form that in no way offends against any provision of the existing statutes. Her ultimate purpose, if it could be fully carried out, was to give all of the principal of said residue to Wesley and Henry and their heirs, except that it was also her purpose that Hunt Tilford Dickinson, her great grandson, should have the principal of the one-fifth held for her daughter Mary and one-twentieth plus one-fifteenth plus one-sixtieth of the estate from the shares held for Richard and Edward respectively conditioned upon his living until he was twenty-five years of age.

She did not, as appears from her express language, intend that the children of her said deceased son should receive any of such residue. The division of the principal held in trust for her said three children respectively, after the death of either was intended to be a division of such particular part of principal independently of the prior division of the residue, and it should be sustained as a separate part of the testatrix's scheme, and such sub-shares should be paid over or held respectively according to the provisions of the will until the expiration, in the case of each trust, of the term of two lives in being at the death of the testatrix. Such construction includes holding the sub-share or shares for her daughter Mary for life, because the life estate for her is, as to such sub-shares, wholly independent of the trust or other estate for

Hunt Tilford Dickinson, which only takes effect on the death of his grandmother. We are the more inclined to the construction stated by the Appellate Division because it approximates more nearly than any other to the ultimate purpose of the testatrix. It was the intention of the testatrix to bequeath to each of her living children an equal enjoyment of the residue of her estate during their lives. It was not her purpose to make her bequests generally equal among her children The bequests to them of principal were intended to be unequal even to the exclusion of some of them.

A construction of the will that would require that a division of the shares of Richard and Edward respectively be made upon the death of either among the next of kin, as in case of intestacy, would include in such division the children of such deceased son; and although the division would be of the principal, it would reduce the amount that could be enjoyed for life by the children, and the ultimate amount to be received by Wesley and Henry and their heirs not only under the will unrestricted by our statute provisions, but also under the construction of the will provided by the judgment, and by directing such division of the shares of Richard and Edward it would interfere *pro tanto* with the purpose of the testatrix.

By the judgment appealed from, the purposes of the testatrix as expressed in her will are stated in independent and severable parts, and so far as they do not offend against our statutes they are sustained, and thereby her general scheme for the disposition of her property is substantially preserved.

The judgment should be affirmed, with costs to the respondents payable out of the estate.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment affirmed.