(147 App. Div. 753.)

ORR et al. v. ORR et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

1. PERPETUITIES (§ 6*)—CREATION OF FUTURE ESTATES.

A will devised the residue to trustees to be divided into six parts, and directed the trustees to set apart one part for each of testator's six children and to place it at interest for their benefit and for the benefit of his wife, and further directed the trustees "to pay over to my said wife semiannually two-fifths of the net income or interest of each of said portions for * * * the natural life of my said wife," and during that time to pay the remaining three-fifths to such of the children as were of age. *Held*, that the quoted provision did not create a trust for the wife's benefit, but merely made two-fifths of the income of the amount mentioned a charge, for the wife's benefit, upon the income of the portions of each of the children, so that the wife's life should not be considered in determining whether the trusts were invalid as being for more than two lives in being at testator's death.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–44; Dec. Dig. § 6.*]

2. PERPETUITIES (§ 6*)—TESTAMENTARY TRUSTS—SUSPENSION OF ALIENATION.

A will created a trust fund and provided that the shares of two of testator's children therein should be paid to them upon the death of testator's wife, and that the shares of two others were to be paid to them when they reached 35, and of the remaining two when they became 30 years of age, and that the share of a child dying with issue before attaining such age should go to such issue, but, if the child die before reaching such age without leaving issue, "the share or portion of the one so dying shall be apportioned among my surviving children equally," and that the trust share of any child which had not reached the prescribed age should be porportionately increased upon the same trusts, and those not cestuis que trustent nor within the age limitations prescribed should receive in cash their share so accruing to them. *Held*, that the provision that "the share or portion of one so dying," etc., meant the original share left by testator, and a subshare received by a child from a deceased child would not, upon the subsequent death of the child receiving it, pass to the surviving children, but would be assets of his estate, so that the trust was not void as unlawfully suspending the absolute power of alienation of that part of the trust estate for more than two lives.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–56; Dec. Dig. § 6.*]

Ingraham, P. J., and Scott, J., dissenting in part.

Appeal from Special Term, New York County.

Action for the construction of a will and an accounting by Marie Wade Orr, as executrix of Joseph K. Orr, and others, against Henry S. Orr and Mary Louise Orr, as executors, and others. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MIL-LER, and DOWLING, JJ.

George B. Hayes (Morgan J. O'Brien, of counsel), for appellants. Alfred B. Cruikshank, for respondents.

CLARKE, J. On December 15, 1906, John C. Orr died, leaving a last will and testament executed November 27, 1906. He left him surviving his widow, Amelia S. Orr, who died October 31, 1907, and six children, Henry S. born May 5, 1870; Mary Louise, born May 5, 1872; Frank, born May 19, 1879; Joseph K., born May 9, 1884; Fredericka, born December 29, 1885; and John C., Jr., born August 1, 1893. Testator left real estate of upwards of $100,000 in value and personal property of upwards of $300,000 in value, situated within the state of New York. The will was admitted to probate January 21, 1907. Defendants Henry S. and Mary Louise were appointed executor, executrix, and trustees. The provision in favor of Amelia S., the widow, was in lieu of dower and was accepted by her as such. By the third paragraph of the will, the testator bequeathed to his wife the use of his residence 122 East Seventy-Second street, and the rents, income, and profits thereof and the use of all his horses, carriages, wagons, harness, furniture, fixtures, books and plate for and during her natural life; "and I further direct that upon the death of my said wife said real and personal property bequeathed in this paragraph fall into and form a part of my trust estate hereinafter disposed of, and that the same go to my trustees above named and their successors, as provided in the 8th paragraph of this will, and that the same be disposed of as provided in the ninth, tenth and eleventh paragraphs of this will." By the fourth, fifth, sixth, and seventh paragraphs he made certain specific bequests. The eighth clause of the will provides as follows:

"I give, devise and bequeath all my property, real and personal, wherever situated, not otherwise disposed of by this will, unto my trustees or the survivors of them, in trust, however, to collect and receive the same and convert the same into cash, except as hereinafter stated, and in their discretion to invest and reinvest the proceeds from time to time upon the following trusts, namely: (A small trust for his sister during her lifetime which it is not necessary to consider.)

"Ninth. All the rest of said trust estate, being all my residuary estate is to be divided by said trustees into six parts, shares or portions, one for each of my six children, (naming them). I direct my said trustees to set apart each of said portions separately for each of the beneficiaries, and to place the same at interest for their benefit and for the benefit of my said wife. And I direct my said trustees to pay over to my said wife, semiannually, two-fifths of the net income or interest of each of said portions for and during the term of the natural life of my said wife, and during that time to pay the remaining three-fifths of said income, in each case, to such of my children as shall be of age and in the case of those who may not be of age to apply the said three-fifths income or interest, or as much thereof as may be necessary for that purpose, for and towards the maintenance, education and support of each one of them respectively.

"Tenth. Immediately upon the death of my said wife, I direct that the share or portion of my said son, Henry S. Orr, and that of my daughter, Mary Louise Orr, thus set apart for him and her, be paid over to him and to her respectively, and that the shares and portions of each of my other

children, Frank Orr, Fredericka Orr, Joseph Orr and Jack Orr be retained by said trustees or their successors, and that the whole of the net income arising from the share or portion of such of said four children as may be adults be paid over semiannually to each of them respectively, and the net income of such as may be still minors or infants shall be applied by said trustees to his or her maintenance and support or as much thereof as may be necessary. And that upon the coming of age to each one of said minor children, he or she forthwith be paid semiannually his share or portion of said income together with the interest upon the accumulations of unexpended or unapplied interest or income, if any. The principal of the share or portion of my son, Frank Orr, together with the accumulations of income, if any, is to be paid over to him by my said trustees when he reaches the age of thirty-five years; the principal of the share of my daughter Fredericka Orr together with the accumulations of interest, if any, is to be paid over to her when she reaches the age of thirty years; the principal of the share or portion of my son Joseph Orr together with the accumulations of interest, if any, is to be paid over to him when he reaches the age of thirty-five years; the principal of the share or portion of my son Jack Orr together with the accumulations with interest, if any, is to be paid over to him when he shall reach the age of thirty years.

"Eleventh. * * * In case any of my children die after my decease and before reaching the age at which he or she shall be entitled to receive the principal as above stated, leaving no issue him or her surviving, then it is my will that the share or portion of the one so dying shall be apportioned among my surviving children equally, share and share alike, and that the trust share of any child not having reached the prescribed age be proportionally increased upon the same trusts as above stated, and that those who are not cestuis que trustent nor within the age limitations prescribed by this will receive in cash their share so accruing to them respectively. Should any of my children die before my decease, or after my decease and before reaching the age at which he or she is entitled to receive the principal as above stated and leaving issue or descendants, then I direct that the share or portion of the one so dying go to the said issue or descendants, but that the same be held in trust and administered by my said trustees during the respective minorities of the said issue, and be paid over to each of them at majority according to law."

The court has found that the trusts provided for by the said will were set up by the said executors and trustees. This action was brought by Joseph K. Orr and Frank Orr, who by the terms of the will were not to receive the principal of their shares until they reached the age of 35 years, and none of the children have reached the age fixed for taking possession.

The complaint alleges that the provisions of the will unlawfully suspend the absolute power of alienation of such portions of the estate as are embraced therein, and that by said provisions accumulations of the income of personal property are directed to commence at the date of the death of the said testator, for the benefit of persons, not minors, and an accumulation of personal property for the benefit of John C. Orr, an infant, which is not to terminate at the expiration of his minority. Wherefore plaintiffs ask for judgment that the said several devises and bequests embraced in said clause of said will were on the death of said John C. Orr, and each of them was and is illegal and void and of no effect, and that as to such property he died intestate, and that the said property vested at the time of his death in these plaintiffs and defendants, and that the said executors and trustees be required to account, and to pay over to plaintiffs their proper proportion.

The court has found as conclusions of law that there was created a valid trust in favor of each of the four children Joseph, Frank, Fredericka, and John, Jr., in the custody and control of the defendants Henry and Mary Louise, as trustees thereof, which trusts will each terminate upon the beneficiary reaching the age stated in said will; that each surviving child of the testator became absolutely vested upon his death with the title of the share allotted to him in and by said will subject, in the case of the plaintiffs and the defendants Fredericka and John, Jr., to be defeated in the event of his death before the termination of the trust, the payment of the principal being postponed to the time fixed in the will for the payment of each share respectively; that the share of each surviving child was charged with the payment of two-fifths of the income derived therefrom in favor of the widow of the testator during her life; that the plaintiffs are not entitled to receive the property included in said trusts or the proceeds thereof, nor to an accounting therefor until they arrive at the ages prescribed in the will for them respectively; that said will does not contain any unlawful provisions for the accumulation of personal property or the income thereof; and that the complaint should be dismissed upon the merits. From the judgment entered thereon plaintiffs appeal.

[1] The first question presented is whether the provision in the will, "And I direct my said trustees to pay over to my said wife, semi-annually, two-fifths of the net income or interest of each of said portions for and during the term of the natural life of my said wife," is merely a charge upon the income of the several trust estates created, or whether a trust estate is also created for the benefit of the widow. If the latter, we start with two lives, to wit, the widow and one of the children, when we come to consider the validity of the subsequent provisions.

In Buchanan v. Little, 6 App. Div. 527, 39 N. Y. Supp. 671, a will was under consideration in which all the remainder of the estate was given to executors in trust. The net income was disposed of as follows: First, to pay the sum of $500 per year to testator's wife each and every year during her natural life. The said sum was given her in lieu of dower; second, to pay to a sister $400 each and every year during her natural life; third, one-half of the remainder to each of his daughters during her natural life; fourth, if either daughter should die without issue, her share in the estate was given to the survivor; fifth, if the deceased daughter left issue, her share to go to said issue; sixth, at the death of his two daughters, naming them, he gave, devised, and bequeathed all his property, both real and personal, to their children; if without issue to his heirs at law. Mr. Justice Ingraham said:

"The direction as to the income of the estate is contained in the first, second, third, fourth, and fifth subdivisions. In neither of these subdivisions is there any direction as to the period during which the trust is to continue or as to the disposition of the remainder after the termination of the trust. The first subdivision directs the payment of an annuity to his wife, which is to be paid to her during her life; but this provision as to a payment during her life is necessarily subject to a continuance of the trust during that peri-

od. If the trust by the express provisions of the will should terminate before the death of this annuitant, then, as a matter of course, there being no fund from which this annuity could be paid, the annuity would cease. And the fact that this annuity is given in lieu of dower would not indicate that it was the intention of the testator to continue the annuity during the life of the annuitant, irrespective of the continuance of the trust; for, in the first place, the persons upon whose lives the trust was limited were the children of the annuitant, who, in the ordinary course of events, would be presumed to live longer than she would, and she was not bound to accept this provision in lieu of dower if for any reasons she preferred her dower."

And after quoting the sixth clause he said:

"Thus, by the express terms of the will, by which the remainder is devised and bequeathed, such devise and bequest over takes effect upon the death of his two daughters. Nothing could be more explicit or clear than that upon the death of the testator's two daughters the title to this property vests absolutely in the devisees named in the sixth subdivision of the second clause of the will. * * * This construction of the will is according to its plain meaning. It is legal, violates no rule of law, nor express or implied intentions of the testator, except his apparent wish that his wife and sister should have their several annuities during their respective lives; and this, in the ordinary course of nature, would be accomplished by the provisions of the will which limited the duration of the trust estate upon the lives of two persons much younger and more probable to survive than the annuitants."

In the Court of Appeals (154 N. Y. 147, 47 N. E. 970) the court held:

"The duration of the trust is clearly dependent upon the lives of the two daughters, and there is no other suggestion on the face of the will. We therefore agree with the court below that the testator created a valid trust."

But the court went on to say that the termination of the trust, while the annuitants survived, would not result in cutting off the annuities, as it was clearly the intention of the testator that the annuities should be a charge upon his residuary estate, whether held by the executors in trust or freed from the limitation by the falling in of the selected lives.

In People's Trust Co. v. Flynn, 106 App. Div. 78, 94 N. Y. Supp. 436, the will created a trust with a provision for an annuity out of the net income to testator's wife, payable half yearly for and during the term of her natural life, in lieu of dower; the net residue of the income to be divided into five equal parts payable to each of five children until the death of two named daughters, upon whose death the entire estate was disposed of. The Appellate Division in the Second Department attempted to distinguish Buchanan v. Little, supra, and held that the testator undertook to create a trust limited as to duration by three lives; that the trust provisions were inseparable; and that the attempted disposition of the residuary estate must fail, and sent the case back for a new trial. On appeal from the affirmance of the judgment entered upon the second trial, the Court of Appeals, in 188 N. Y. 385, 80 N. E. 1098, in reversing, citing Buchanan v. Little, said:

"The case cited impresses us as strikingly similar in its facts to the one in hand. * * * Analogy is seldom so exact as that which exists between these two wills, and we are unable to distinguish the case before us from

the case cited. The facts are almost identical, and the same principle must govern both. The testator in each measured the trust by the lives of his two daughters. As long as either of them lived, the trust continued, and it died with the last survivor. * * * The provision for the widow bears the same relation to the trust in the one case as in the other, but in neither was it intended to affect the duration thereof. It was made a charge upon the residuary estate, but this did not prolong the period of the trust, and when the trust ended the charge continued if the widow still survived. * * * We regard further discussion of the subject as unnecessary, for the principle of stare decisis, as well as the rule requiring a construction which ·will preserve a will rather than destroy it, when possible, compel us to hold the trust to be valid and binding in every respect."

We think these cases conclusive and require us to hold that no trust estate was created for the benefit of the wife, that six separate trusts were created for the children, and that a charge was created upon the income of the portions of each of the children for her benefit. Therefore the provision for the wife is not to be considered on the question of whether the trusts were to exist for more than two lives in being at the time of testator's death.

[2] The shares of Henry and Mary Louise were to be paid to them immediately upon the death of their mother, testator's wife. No question arises as to them. As to the other four children, the shares of two were to be paid when they reached the age of 35, and the other two when they were 30. If a child died before reaching the age limited, leaving issue or descendants, the share of the one so dying went to said issue or descendants. There is no trouble with that provision. Each original trust share exists for only one life. If the child reaches the age fixed he gets his share. If he dies before that date his issue takes at once. But if a child dies before reaching the age limited, leaving no issue, "the share or portion of the one so dying shall be apportioned among my surviving children equally share and share alike, and that the trust share of any child not having reached the prescribed age be proportionally increased upon the same trusts as above stated, and that those who are not cestuis que trustent nor within the age limitations prescribed by this will receive in cash their share so accruing to them respectively."

There were four children with the age limitation. If, for example, Frank should die without issue before reaching 35, his share would be divided into five parts. Henry and Mary would each receive one-fifth absolutely, and Joseph, Fredericka, and Jack would each have one-fifth added to their trust share and subject to the provisions of the will. This would be valid. This portion so added had been in a trust for one life (that is, Frank's), and now continued through another (that is, Joseph's, Fredericka's, or Jack's). But in case Joseph should then die, while two-fourths of his whole trust estate would go absolutely to Henry and Mary Louise, the subshare received from Frank could not go with the other two-fourths of his own original share to Fredericka and Jack, because that would continue that portion of the original trust estate of Frank's for three lives and offend the statute.

It is this possibility of the distribution of these subshares which it is claimed renders void all the trust provisions of the will. We do not agree with this construction. We think that "the share or portion

of the one so dying" means the original share or portion left by testator to his several children, and that if any child should, after having taken the share of a deceased brother, himself die, the subshare would not pass to the trust share of surviving brothers or sister, but would be assets of his father's estate undisposed of. We think this case is governed by Chastein v. Tilford, 138 App. Div. 746, 123 N. Y. Supp. 513, affirmed 201 N. Y. 538, 94 N. E. 646. In that case the residuary estate was left in trust. Two several fifth parts were left to the trustees to pay the several income to the two sons during life, "and upon his death the principal shall again become a part of my residuary estate and shall be divided equally among the remaining devisees of said residuary estate subject to the same terms and conditions as are herein provided for the several one fifth portions thereof." The income on one-fifth was to be paid to a daughter during her life, upon her death to a great grandson until he was 25, when the trust shares should be paid to him. But in case he died before reaching said age, the principal of said trust estate became again a part of the residuary estate and was to be divided as therein provided. The remaining two-fifths were devised and bequeathed severally to two sons and their heirs. Mr. Justice Scott said:

"The will makes no disposition of this subshare upon the termination of the several life interests. The will by its terms provides only for a division and distribution of the original share given for the life of each of the children to whom life interests are given. It is not expressly provided, and we are not called upon to so construe the will, that the subshares arising upon the termination of one life estate shall be added to and become a part of the principal share given by the will to the other life beneficiaries. Schey v. Schey, 194 N. Y. 368 [87 N. E. 817]; Vanderpool v. Loew, 112 N. Y. 167 [19 N. E. 481]. * * * So long as the general scheme can be carried out, the fact that it may be found in the end that, as to a minor portion of her estate, the testatrix had died intestate, does not materially interfere with her general plan. As the devolution will be deemed to take place when the legacy lapses, rather than upon the death of the testatrix (Savage v. Burnham, 17 N. Y. 561–574), it is impossible to say now how far this possible intestacy will depart from what we may presume to have been the desire of the testatrix as to the final vesting of the estate."

Under the authorities cited, we think the will at bar does not offend against the statute, and that the power of alienation is not unlawfully suspended. It follows therefore that, as the plaintiffs are not entitled to an accounting, the complaint was properly dismissed.

The judgment appealed from should be affirmed, with costs and disbursements to the respondents.

MILLER and DOWLING, JJ., concur.

INGRAHAM, P. J. I cannot concur in the conclusion of Mr. Justice CLARKE that no trust estate was created for the benefit of the wife. By the eighth clause of the will the testator gave, devised, and bequeathed all his property, real and personal, to his trustees or the survivors of them in trust to collect and receive the same, convert the same into cash, and to invest and reinvest the proceeds from time to time upon the following trust: First. To lay aside and retain the mortgage and mortgage debt of $3,000, thereinafter in the will referred to.

Second. To lay aside and invest in good securities a sufficient sum to produce an income of at least $400 per year for the benefit of the testator's sister Sarah, and at her death the said fund to go into his general estate and be divided among his children. And then by the ninth clause of the will it is provided that all the rest of his said estate was to be divided by his executors into six parts, shares or portions, one for each of his six children, and his executors were directed to set apart each of said portions separately for each of the beneficiaries and to place the same at interest for their benefit and for the benefit of his said wife. He then directed the trustees to pay over to his said wife semiannually two-fifths of the said income or interest of each of said portions for and during the term of the natural life of his said wife, and during that time to pay the remaining three-fifths of said income in each case to such of his children as should be of age, and to apply the said three-fifths income or interest, or so much thereof as may be necessary, towards the maintenance, education, and support of each of his children who were not of age. By the tenth clause of the will it was provided that immediately upon the death of his said wife the share or portion of his son Henry and his daughter Mary thus set apart for him and her was to be paid over to him and her respectively, and the shares and portions of each of his other children were to be retained by the said trustees or their successors, and the whole of the net income arising from the share or portion of each of the said four children as may be adults paid over semiannually to each of them respectively, and the income of such as may be minors applied to his or her maintenance and support.

I think it clear that this creates a trust for the benefit of the wife to continue during her life of each share into which the residuary estate was to be divided. The continuance of the trust is limited by the lifetime of the wife, and it is upon her death only that either of these shares can be divided. Each of the shares constitutes a separate trust, each share was to be held by the trustees in trust during the lifetime of the wife, and the income of each share is divided between the wife and the child to whom the share was to ultimately go. Whether the child for whose benefit the share was set aside lived or died made no difference as to the termination of the trust. The trust was by the ninth clause of the will expressly created for the benefit of his children and for the benefit of his wife. She was as much a beneficiary as the children, and the trustees were directed to pay to his wife semiannually two-fifths of the net income of each of said shares during the term of the natural life of his wife, and the remaining three-fifths were to be applied for the benefit of the child for whom the trust was set apart. It was only upon the death of his wife that any portion of the property was released from the trust and became the property of the ultimate beneficiaries.

The distinction between this will and the will before the court in Buchanan v. Little, 6 App. Div. 527, 39 N. Y. Supp. 671, is apparent. There the persons upon whose lives the trust was limited were the children of the wife, and by the express terms of the will the remainder over was to take effect upon the death of these two children. Thus

upon the death of the testator's two daughters the property would vest absolutely in the devisees named, and in the Court of Appeals (154 N. Y. 147, 47 N. E. 970) it was held that the duration of the trust was clearly dependent upon the lives of the two daughters; that there was no other suggestion on the face of the will; and that upon the termination of that trust, namely, the death of the two daughters, the trust estate absolutely vested without regard to the life of the wife. In People's Trust Co. v. Flynn, 188 N. Y. 385, 80 N. E. 1098, the will was almost identical with the will in Buchanan v. Little, supra, as the testator measured the trust by the lives of his two daughters—as long as either of them lived it existed, and it died with the death of the survivor. But in 'the will now before us the trust in each share is created for the benefit of his wife; two-fifths of the net income or interest is to be paid to her during her natural life; and upon the death of his wife the shares or portions set apart for one son and one daughter were to vest absolutely, and for the other four children were to be retained by the trustees in trust until they should reach the age of 30 or 35 years. The distinction between the two cases is that in Buchanan v. Little, supra, the trust was to terminate upon the death of the survivor of two children, while in this case the trust is to terminate upon the death of the wife, and during the lifetime of the wife the estate cannot be distributed. As the shares of the testator's children Henry and Mary were to be paid to them immediately upon the death of their mother, the wife, the trust was clearly a valid one. A more serious question is presented as to the shares of the other four children, two shares to be paid when the children for whose benefit it was held became 30 years of age and the other two when they became 35 years of age. If either of these children died before reaching the age at which the trustees were directed to pay to them the shares set apart for them, leaving no issue, the mother being dead, then that share had to be divided into five parts, two parts to be paid directly to Henry and Mary, and three parts held in trust for the other three children if they were then under the age at which the money was to be paid to them absolutely.

As I construe this will, this would render each of these shares, of the child dying without issue before the other children arrived at the age at which they were entitled to take, subject to be held for a period in excess of two lives in being at the death of the testator, namely, the wife, the child for whose benefit the trust was created and who had died before becoming entitled to it, and the child for whose benefit the one-fifth continued to be held. The case of Chastein v. Tilford, 138 App. Div. 746, 123 N. Y. Supp. 513, affirmed 201 N. Y. 538, 94 N. E. 646, does not apply, for there the first trust over upon the death of the beneficiary without heirs was valid, and there was no intention to create any subsequent tying up of the estate; but here the limit was reached when the testator directed the trust to be held for the benefit of his wife for her life, the benefit of a child for his or her life, or until he or she became 30 or 35 years of age, and with a further direction to continue the trust in favor of a child who had not reached the age at which the trust was to be finally terminated until that age.

The question then arises as to whether we must, because of this illegal limitation over, declare the whole will void, and that the testator died intestate as to all or a portion of the property. I am inclined to think that we are justified in lopping off the last illegal trust, leaving the trust to continue during the life of the widow and the child for whose benefit it is to be held, and simply declaring that the direction of the testator to continue the trust for a longer period than allowed by statute was void. This certainly will carry out the main intention of the testator. The continuance of this trust was merely incidental, providing for a contingency that might never happen, and was no part of the general scheme of the testator. It is true he desired to postpone payment of any share of his estate to either of his four children until they should arrive at the respective ages of 30 and 35 years. It was at most a postponement of the date of payment, and not a postponement of the vesting of the share. The share of each of these four children vested absolutely upon the death of the mother, and, while the payment of the share to the child was postponed until he or she arrived at the age mentioned, the beneficial interest in the estate became at once vested in the child for whose benefit it had been set apart. The direction as to the trust share of any child not having reached the prescribed age to be proportionately increased upon the same trust as above stated can well be eliminated so that upon the death of any one of the children during the trust the share held for that child, if he or she should leave no issue, should be at once divided among his surviving brothers and sisters. It seems to me that this construction of the will will carry out the main intention of the testator and will be doing no violence to his intentions.

Arriving at this conclusion, I can concur in the affirmance of this judgment.

SCOTT, J., concurs.